Judge Underwood
delivered the Opinion of the Court.
The principal question worthy of consideration in this case, is whether the deed of a purchaser pendente lile is absolutely void, or voidable merely.
Cromwell instituted an action of detinue, founded on a bill of sale which Orear executed to him', for a slave, at a time when Piper and Waugh had separate suits in chancery pending against Orear, for the purpose of subjecting the slave to the payment of his debts. Clay, as deputy sheriff, took the slave into his possession, in virtue of an order from the chancellor..
The bill of sale from Orear to Cromwell was not absolutely void, as the circuit court supposed. As the chancery suits had not been decided, it could not be affirmed that the complainants would certainly obtain decrees subjecting the slave to the payment of their demands. If the bills shall be dismissed, then the bill of sale is unquestionably good. Nor does it Jose its efficacy until the decree is pronounced in favor of the complainants. In the mean time, the title of the slave will vest under it, in Cromwell. If a decree is rendered subjecting the slave to the payment of 0rear’s debts, such decree will avoid the bill of sale to the extent of the debts. *579 If a surplus is left upon the sale of the slave, after paying the debts, such surplus might be claimed by Cromwell. The bill of sale is liable to be avoided by the decree, but it is not void, 2 Maddock, 189.
An officer sued, in detinue, for a chattel that he has taken and holds under an order of court, must show, by his plea, how he holds it; evidence of his right to hold, is not admissible under a plea of non detinet
As the bill of sale is not void merely because a suit was pending, the next inquiry is,- whether Cromwell, the vendee, should have been permitted to recover upon it. Had Orear been possessed of the slave, instead of Clay, and the action of detinue had been against Orear, Cromwell might have recovered against him. He could not- have said, “the law protects me in the possession of a slave I have sold, in consequence of the pendency of a suit against me to subject the' slave to my debts, or to recover the slave from me.” But we apprehend the sheriff does not occupy the place of Orear in all respects. The sheriff’s possession is under authority of law, and that possession cannot be legally divested by a pendente lite purchaser. The sheriff’s possession is founded upon an order of the chancellor, which goes on the ground that the owner of .the property cannot be trusted to keep it. The owner, after being divested of possession by such an order, cannot reclaim the property but with the leave of the court. A person claiming under the original owner stands in no better attitude.
The plea of non detinet was the only defence put in by-Clay. Under an issue upon that plea, we think the records of the chancery suits were-inadmissible evidence. Clay should, by special plea, have shewn how he came to the possession of the slave, and thus have afforded Cromwell an opportunity to deny the existence of the records relied on, or the taking the slave under the order of the chancellor. Clay having the custody of the slave, by authority of his office, under the order of the chancellor, should have pleaded the facts specially. See 1 Chitty, 121.
Judgment reversed, with costs, and cause remanded for a new trial, when the principles oi this opinion must be observed.