## P. A. Stark Piano Company v. Fannin.

(Decided January 29, 1926.)

### Appeal from Johnson Circuit Court.

1. Lis Pendens—Statute Held Not to Abrogate but Only to Modify Lis Pendens Doctrine Theretofore Existing.—As doctrine of lis pendens was part of the common law of the state prior to enactment of Ky. Stats., section 2358a-1, providing that bona fide purchasers of land shall not be affected by action relating thereto unless prescribed notice of pendency of suit is filed and recorded, such statute did not abrogate but only modified the doctrine theretofore existing, and left same in full force as to proceedings affecting all kinds of personal property within the doctrine.

2. Lis Pendens—Overruling Demurrer to Answer Held Erroneous.— Where defendant's answer admitted purchase of piano from buyer during pendency of action by seller for its recovery, court erred,

in view of Ky. Stats., section 2358a-1, in overruling demurrer thereto.

FRED HOWES for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Motion for an appeal sustained, appeal granted and judgment reversed.

By written contract dated July 26, 1919, appellant sold and delivered a described piano to W. J. Ward for which he agreed to pay $385.00 in monthly installments of $10.00 each. The contract provided that the title to the piano was to remain in the vendor until fully paid for and that same might be reclaimed at any time for default in payments. Ward defaulted in his payments and appellant instituted this action against him to recover possession of the piano or, if not entitled to that relief, for a judgment for its debt, a lien upon and sale of the piano to satisfy same.

Ward filed answer and upon submission on the pleadings plaintiff was awarded judgment against him for $385.00, less the credits totaling $20.00, with interest and costs, together with a lien upon the piano, which was ordered to be delivered to the master commissioner and by him sold to satisfy the judgment. This judgment was rendered January 24, 1921.

On July 7 a rule was issued to require Ward to surrender the piano to the master commissioner, and upon October 26, 1921, the latter reported his inability to secure the piano from defendant. Another rule was issued against Ward, and in response thereto he reported "that in a short time after the order issued for the piano the defendant's home was destroyed and all the contents· therein except a small quantity of bedclothing and wearing apparel and that this defendant has not said piano." An equally unsatisfactory amended response was filed, but the record does not disclose any further effort to enforce the rule against Ward.

Plaintiff then filed an amended petition making appellee Fannin a defendant, alleging his possession and fraudulent purchase of the piano pending the action for the purpose of defeating the judgment of the court and, asked that he be required to produce same for sale or account for its value. Plaintiff procured a specific attach-

ment and Fannin in discharge of same executed bond to perform the judgment of the court against him.

Fannin then answered admitting possession of the piano but denying its purchase during the pendency of the action or for the wrongful or fraudulent purpose of defeating the judgment of the court. In the second paragraph he alleged purchase of the piano from Ward on March 31, 1922, in good faith for a valuable consideration and without notice. The third paragraph was a cross-petition against Ward, alleging payment to him of $400.00 for the piano and seeking recoupment of him if the defense against plaintiff should be disallowed.

Plaintiff by reply traversed Fannin's allegations that he was a purchaser in good faith for a valuable consideration or without notice and denied knowledge or information as to his alleged payment of $400.00 or any other sum to Ward therefor. Ward denied that Fannin purchased the piano from him in good faith or without notice or that he paid him for same $400.00 or any other sum.

Upon a submission, on motion of plaintiff for a judgment against Fannin on the face of the papers, its petition against him was dismissed upon the ground, as stated in the judgment, that Fannin by his answer "has traversed all material affirmative matter pleaded against him and no proof being offered by the plaintiff to sustain the allegations of said petition."

While this is true Fannin admitted possession of the piano by its purchase from the defendant Ward on March 31, 1922, at a time when the action was not only pending but after judgment against Ward and during the time the master commissioner was attempting to procure possession of the piano for sale to enforce the lien adjudged against it in plaintiff's favor. It is therefore clear that Fannin by his answer, considered as a whole, admitted purchase of the piano from Ward during the pendency of the action.

Hence his answer did not allege facts constituting a defense, if, as is claimed by the plaintiff, the doctrine of *lis pendens* is applicable. That doctrine was uniformly recognized as a part of the common law of this state prior to the adoption in 1896 of an act (sec. 2358a-1, Ky. Stats.) providing that *bona fide* purchasers of land shall not be affected by an action relating thereto unless the prescribed notice of the pendency of the suit is filed and recorded. That doctrine was also recognized by this

court as applicable to all kinds of personal property with the exception of negotiable instruments and articles of ordinary commerce sold in the usual way, but only where of course the title to or some interest in specific property sufficiently described was involved, as its application is always restricted to actions *in rem*.  Thoms v. Southard, 2 Dana 476; Fletcher v. Ferrel, 9 Dana 372, 35 Am. Dec. 143; Begley v. Combs, 106 S. W. 246, 32 R. 538; Hackley v. Swigert, 5 B. Monroe 86, 41 Am. Dec. 256; Bell v. Pearce, 1 B. Monroe 73; Cromwell v. Clay, 1 Dana 578, 25 Am. Dec. 165; Morton v. Jones, 136 Ky. 797, 125 S. W. 247.

As the statute above referred to by its terms relates only to proceedings affecting real estate, it did not abrogate but only modified the *lis pendens* doctrine theretofore existent in the state and left same in full force and effect with reference to proceedings affecting all kinds of personal property within the doctrine.  With reference to just this situation we find the rule thus stated in 17 R. C. L. 1016:

> "Statutes of the kind now under consideration do not create the law of *lis pendens* in the particular jurisdictions in which they are operative, but may rather be regarded as imposing limitations upon the common law otherwise existing upon the subject. The notice of pendency of action provided for by statute has been said to be merely intended to afford a convenient and effectual method of enforcing the common law doctrine of *lis pendens,* and in any case where the filing of the statutory notice is not required all the common law rules as to *lis pendens* are applicable. . . .  These statutes are generally restricted to actions or proceedings affecting real property or to some interest therein.  Where such is the case, actions or proceedings of a different class must remain subject to the common law rule of *lis pendens,* and the judgments therein must be given effect irrespective of transfers made *pendente lite* and whether the purchasers had notice of the pending litigation or not."

The authorities cited in support of this text fully support it and are in our judgment sound.

Donacher v. Tafferty, 147 Ky. 337, 144 S. W. 13, is not opposed to this view, although it is stated therein that the *lis pendens* doctrine no longer obtains in this

state, since only real estate was there involved and the statement has no relevancy to the doctrine with reference to personal property, which was neither involved nor considered.

It follows, therefore, that the court erred in overruling the demurrer to Fannin's answer, and we need not decide upon whom the burden of proof would have rested if the answer had presented a defense.

Wherefore, the motion for an appeal is sustained, the appeal granted, the judgment reversed and the cause remanded for proceedings consistent herewith.