**NEW HOLLAND MACHINERY COMPANY, DIVISION OF SPERRY RAND CORPORATION, Appellant,**

v.

**Robert BELL, d/b/a, et al., Appellees.**

Court of Appeals of Kentucky.

June 1, 1962.

———◆———

L. B. Lawton, Mitchell & Lawton, Henderson, for appellant.

Wathen & Wesley, Morganfield, Aaron F. Overfelt, Bowling Green, George B. Simpson, Sturgis, J. D. Ruark, E. R. Morton, Morganfield, for appellees.

CULLEN, Commissioner.

The question presented on this appeal is one of priority of liens.

Robert Bell was a dealer in farm machinery and equipment. A. D. Sprague, Jr., an unsecured creditor of Bell's, brought an action against Bell and secured an attachment on all of his personal property. New Holland Machine Company previously had sold numerous items of farm machinery to Bell, under *unrecorded* conditional sale contracts; however, New Holland had obtained from Bell, and *recorded*, several chattel mortgages covering many of the items. New Holland intervened in Sprague's action, asserted a prior lien based on the conditional sale contracts and chattel mortgages, and asked for appropriate relief. Sprague's attachment was found to be defective and he caused another attachment to be issued (after New Holland's intervening complaint had been filed). Thereafter numerous other creditors of Bell's commenced proceedings against him and some of them obtained attachments. Eventually all of the various proceedings were consolidated with Sprague's action, Bell's property was sold, and the court made an adjudication of the rights and priorities of the various creditors in the proceeds of sale.

The court adjudged that New Holland had a first lien on the proceeds of as much of Bell's property as was covered by the recorded chattel mortgages, but had no lien at all by virtue of the unrecorded conditional sale contracts. New Holland has appealed from so much of the judgment as denied it a lien under the conditional sale contracts. Bell and all of the other creditors were made appellees but none of them has filed a brief, so this Court has accepted as correct the statement of facts and issues set forth in appellant's brief. See RCA 1.260(c).

The facts in this case are substantially identical with those in Jones Stationery & Printing Co. v. Jeffrey, 9 Ky.Law Rep. 148. It there was held that the filing of an intervening complaint by a mortgagee, in an attachment suit in which the mortgaged personalty had been taken into custody of the court, created a *lis pendens* such as to give the mortgage, though unrecorded, priority over liens acquired by others after the intervening complaint was filed. The lis pendens doctrine applied in the foregoing case has not been abrogated as relates to actions involving personal property. P. A. Stark Piano Co. v. Fannin, 212 Ky. 640, 279 S.W. 1080.

It appears to have been the opinion of the trial court that the intervening complaint was not sufficient to give notice of lien because copies of the unrecorded conditional sales contracts were not filed with the complaint. However, the complaint alleged the existence of the contracts, described in detail the items of property covered by the contracts and the amount due for each item, and carried as an exhibit a specimen form of the contracts. We think this was sufficient.

In our opinion the holding in the Jones Stationery & Printing Company case is sound and under that holding the appellant

here is entitled to a lien under the conditional sale contracts having priority over other liens acquired after the intervening complaint was filed.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

PALMORE, J., not sitting.