Thomas P. LEONARD, Trustee Pension Trust, Appellant,

v.

FARMERS & TRADERS BANK, SHELBYVILLE, Kentucky, Appellee.

Court of Appeals of Kentucky.

April 11, 1980.

Discretionary Review Denied Oct. 28, 1980.

Fielding E. Ballard, III, Shelbyville, for appellant.

T. Sherman Riggs, Mitchell, Mathis, Riggs & Hackworth, Shelbyville, for appellee.

Before BREETZ, GUDGEL and HOWARD, JJ.

HOWARD, Judge.

The two issues of this action are the validity of a prejudgment attachment obtained by the appellee, Farmers and Traders Bank, and the superiority of said attachment over a lis pendens notice filed by the appellant, Thomas P. Leonard, Trustee. This appeal arose from three separate suits against Charles E. Petry, all attempting enforcement of the judgment against certain property known as the Gravett's Liquor Store. The appellant, on March 6, 1978, brought an action in Shelby Circuit Court against Charles E. Petry, seeking payment of a personal debt. Subsequent to the filing of the action, the appellant filed a lis pendens notice asserting a claim to the Gravett's Liquor Store property. On April 4, 1978, the appellant amended his complaint to state the Gravett's Liquor Store property was impressed with a trust in favor of the appellant.

The appellee filed an action on March 30, 1978, against Charles E. Petry, seeking to enforce a note and mortgage on certain other property. The appellee applied for and received an order of attachment on the Gravett's Liquor Store property, after an ex parte hearing on March 31, 1978. The litigation against Petry also included an action by the Shelby County Trust Bank to enforce a note and mortgage on the Gravett's Liquor Store property. This action included the claims of two other contractual lien holders. On March 15, 1978, Roy Miller, Jr., Master Commissioner of Shelby Circuit Court, was appointed receiver of the Gravett's Liquor Store property. On April 4, 1978, the various plaintiffs in the aforementioned suits entered into an agreed order whereby the Gravett's Liquor Store property was sold with the net proceeds being paid to the receiver until a determination of priorities could be made.

On April 21, 1978, the appellant secured a default judgment against Petry; the appellee obtained summary judgment against Petry on January 24, 1979. The trial court did not make a determination of the priority of the various claims against Petry until June, 1979. At this time, the Shelby Circuit Court held the appellee's lien to be superior to all other liens asserted against the property. The court further adjudged the lis pendens filed by the appellant to have no legal effect. It is from this opinion and an accompanying order that the receiver should pay to the appellee the remaining funds, that this appeal is brought.

The appellant asserts here, as in the trial court, that the appellee's attachment, by which it obtained priority over the numerous claims against the property, was improperly obtained and should therefore be dissolved. The stated objections to the attachment are simply that the affidavit used to support the writ did not allege that the claim asserted therein was just; further, the attachment was issued without the issuance of a writ of possession.

■ We agree with the trial court that the appellee did not commit error in failing to state in its affidavit that the claim asserted against Petry was just. Before June 19, 1976, K.R.S. 425.195 governed the procedures involved in procuring an attachment. This statute was repealed by the 1976 General Assembly. In 1978, the General Assembly reenacted the same statute in the form of K.R.S. 425.307. The appellee obtained its attachment during the interim after K.R.S. 425.195 had been repealed but before K.R.S. 425.307 was enacted. Although the averment that the claim is just was required by statute prior to June 19, 1976, and subsequent to June 17, 1978, no such requirement was designated in the interim statute. There being no statutory duty to do so, the appellee did not err in failing to state that the claim was just.

■ In regard to the writ of possession, K.R.S. 425.311, as enacted by the 1976 Legislature, stated:

(1) An attachment in any case mentioned in subsections (1) or (2) of K.R.S. 425.301 or 425.306 shall not be executed until a writ of possession has been issued by the court in which the action is brought or pending.

The appellee did not seek a writ of possession prior to obtaining the attachment. It is the position of the appellee that K.R.S. 425.311(2) negates any apparent requirement that a writ of possession must precede the attachment. K.R.S. 425.311(2) stated as follows:

(2) The provisions of K.R.S. 425.006 to 425.126 shall, as far as applicable, govern proceedings under this section.

The provisions of K.R.S. 425.006 through K.R.S. 425.126 established the procedures necessary to obtain a writ of possession. Although the appellee asserts these sections were complied with, it is not denied that a writ of possession was neither obtained nor sought.

It is not clear whether a writ could have in fact been obtained. K.R.S. 425.011(1) in its present and past form, limits writs of possession to personal property. Although the plain meaning of the words expressed in K.R.S. 425.311(1) requires a writ of possession to precede all attachments, including those of real property, enforcement of such meaning would lead to an absurd result. A writ of possession was required, yet the statute did not provide for the obtaining of such a writ when real property was involved. Finding this incongruity, the Court must look to the legislative purpose. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966). By so doing, we find that the intention of the Legislature in enacting K.R.S. 425.311 was not to impose the impossible duty of obtaining a writ of possession on real property prior to securing an attachment. As the appellee substantially complied with the provisions of K.R.S. 425.006 to K.R.S. 425.-126, the attachment was properly granted.

■ We also affirm the decision of the trial court in regard to the effect of filing a lis pendens. K.R.S. 382.440, providing for the lis pendens notice, states basically that no action concerning the title, possession, or use of any real property shall affect the right or interest of a subsequent purchaser of said property unless notice of the action is filed in the office of the county clerk of the county in which the property lies. This section was enacted to protect the subsequent bona fide purchaser of the property. *Blackerby v. Monarch Equipment*, Ky., 259 S.W.2d 683 (1953). The statute does not purport to create any additional rights that a party might have in the property. The lis pendens filed by the appellant did no more than give notice of its claim against the Gravett's Liquor Store property. It did not, independently, create a lien against said property.

The judgment of the Shelby Circuit Court is hereby affirmed.

All concur.