Jonathan W. HIERS; and Loretta F. Hiers, Appellants/Cross–Appellees,

v.

BANK ONE, WEST VIRGINIA, WILLIAMSON, NA, Appellee/Cross–Appellant.

Nos. 95–CA–1248–MR, 95–CA–1378–MR.

Court of Appeals of Kentucky.

Oct. 18, 1996.

Rehearing Denied Jan. 3, 1997.

Discretionary Review Denied by Supreme Court June 11, 1997.

Michael de Bourbon, Pikeville, for Appellants/Cross–Appellees.

James B. Ratliff, Pikeville, for Appellee/Cross–Appellant.

Before WILHOIT, C.J., and EMBERTON and GUDGEL, JJ.

## OPINION

GUDGEL, Judge:

This is an appeal and cross appeal from a judgment entered by the Pike Circuit Court adjudging that appellee/cross-appellant Bank One, West Virginia, Williamson, NA[1] was entitled to possession of a mobile home because it possessed a perfected and superior security interest therein. Appellants/cross-appellees Jonathan W. Hiers and Loretta F. Hiers contend that the trial court erred (1) by finding that a security interest in a mobile home, as such, can be perfected only through submission of a certificate of title and title lien statement to the proper county clerk, and (2) by failing to find that certain provisions of a lease agreement granted them an interest in the mobile home which was superior to that of Bank One. On cross appeal, Bank One contends that the trial court abused its discretion by failing to award it damages for the Hiers' alleged wrongful retention of the mobile home. For the reasons

---

1.  Bank One and its predecessor bank are hereinafter both referred to as "Bank One."

stated hereafter, we affirm the trial court's judgment in all respects.

The record shows that in November 1988 Susan Alcazar Tackett (Susan) and her husband at the time, Fermin Alcazar (Fermin), leased certain real property from the Hiers. The lease agreement, which was recorded in the Pike County Clerk's office in November 1988, stated that it would terminate upon the death of both lessees, at which time the Hiers would become the owners of any personal property of the lessees which had become attached as improvements to the real estate. Susan and Fermin subsequently purchased a mobile home which they installed on the leased premises for use as their residence.

Susan and Fermin later divorced, and Fermin transferred his interest in the mobile home to Susan. In April 1992 Susan and her new husband executed a promissory note and security agreement in favor of Bank One in the amount of $51,208.20, and Susan executed a motor vehicle lien statement which granted Bank One a security interest in the mobile home. An earlier lien on the mobile home was paid and released, and Bank One's security interest therein was noted on the new certificate of title which was recorded in the Pike County Clerk's office in July 1992.

After Susan died in 1993, there was a default in making payments on the promissory note. Bank One declared the remaining balance immediately due and payable, and in a pending probate proceeding it filed a claim seeking possession of the mobile home. However, the Hiers claimed that they were entitled to possession of the mobile home pursuant to the terms of the recorded lease agreement,[2] and Jonathan Hiers took possession of it. This action followed. During the pendency of the action, the Hiers agreed to put a portion of the monthly rent received on the mobile home into an escrow account.

The trial court adjudged that the mobile home met the statutory definition of such a structure, that it was permanently affixed to the leased property, that the promissory note was in default, that the lease agreement did not constitute a valid financing statement because the mobile home was not described therein, and that Bank One held a perfected first and prior security interest in the mobile home which it acquired in July 1992. Hence, the court concluded that Bank One was entitled to possession of the mobile home and to the recovery of $26,896.52 from Susan's estate. Moreover, the court found that although Bank One was entitled to the escrowed rental funds, the Hiers were not liable to Bank One for damages for conversion. This appeal and cross appeal followed.

First, the Hiers contend that the trial court erred by adjudging both that a security interest in the mobile home at issue could only be perfected by submitting a certificate of title and title lien statement to the proper county clerk, and that because Bank One complied with these requirements it was entitled to the mobile home's possession. We disagree.

On the date the instant action was filed, a "mobile home" was defined in KRS 186.650[3] as

a structure, transportable in one (1) or more sections, which when erected on site measures eight (8) body feet or more in width and thirty-two (32) body feet or more in length, and which is built on a permanent chassis and designed to be used as a dwelling, with or without a permanent foundation, when connected to the required utilities, and includes the plumbing, heating, air-conditioning, and electrical systems contained therein. It may be used as a place of residence, business, profession, or trade by the owner, lessee or their assigns and may consist of one (1) or more units that can be attached or joined together to comprise an integral unit or condominium structure.

2. In May 1993, Fermin signed a document whereby he released any interest which he possessed in the leased premises.

3. This case was tried in April 1994 but a judgment was not entered until April 1995. Meanwhile, effective July 15, 1994, KRS 186.650 was amended to substitute the term "manufactured

home" for the term "mobile home," and this new term was accordingly substituted for "mobile home" elsewhere in KRS Chapters 186 and 186A. However, as this new term and the related statutes were not amended in any substantive way relevant to the issues herein, we will refer to any such property as a "mobile home."

KRS 186A.070 states that any "state resident owner" of a mobile home must obtain a certificate of title thereto. Moreover, KRS 186A.190(1) expressly provides that "[t]he perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title" in accordance with the requirements of KRS Chapter 186A, and that any such notation shall "remain effective until discharged under this chapter and KRS Chapter 186."

Here, there is no dispute that Bank One complied with the requirements of KRS Chapter 186A for perfecting a security interest in the disputed mobile home. Nevertheless, the Hiers contend that the decision in *Vanover v. Bank of Alexandria,* Ky.App., 644 S.W.2d 948 (1983), compels us to conclude that once the trial court found that the mobile home was permanently affixed to their land, the property ceased to be mobile and therefore was no longer governed by the certificate of title requirements set forth in KRS Chapter 186A. We disagree.

*Vanover* turned on an interpretation of statutory provisions which were enacted prior to the enactment of KRS Chapter 186A. Moreover, contrary to appellants' contention, we are not persuaded that *Vanover* governs the issue of whether the disputed mobile home lost its mobility once it was permanently affixed to the real estate. Indeed, KRS Chapter 186A contains nothing to suggest that the chapter's provisions or the certificate of title requirements cease to apply to a mobile home if it is permanently affixed to real estate.

Moreover, we reject appellants' contention that KRS Chapter 355.9 authorizes alternative methods to be utilized to perfect a security interest in a mobile home which is permanently affixed to real estate. Indeed, just the opposite is true as KRS 186A.190(2) specifically states in pertinent part as follows:

> *Notwithstanding the existence of any filed financing statement under the provisions of KRS Chapter 355* relating to any property registered or titled in Kentucky, *the sole means of perfecting and discharging a security interest in property for which a certificate of title is required by this chapter is by notation on such property's certif-icate of title.* In other respects the security interest is governed by the provisions of KRS chapter 355. (Emphasis added.)

Moreover, consistent with this statute, KRS 355.9–302(3) specifically states that "[t]he filing of a financing statement otherwise required by this Article *is not necessary or effective* to perfect a security interest in property subject to" the provisions of KRS Chapter 186A. (Emphasis added.)

KRS 186A.190(2) and KRS 355.9–302(3) clearly and unambiguously provide that, as to any property for which a certificate of title is required by KRS Chapter 186A, a security interest in that property may be perfected or discharged only by a notation in that vein on the certificate of title. It follows, regardless of whether the disputed mobile home in the instant action was permanently affixed to the real estate, that there is no merit in appellants' contention that the notation on that mobile home's certificate of title did not serve as the exclusive method for perfecting Bank One's security interest therein. We hold, therefore, that the court did not err by finding that by virtue of its perfected security interest as reflected on the applicable certificate of title, Bank One was entitled to possess the disputed mobile home upon a default. *See* KRS 355.9–503. Moreover, in light of this conclusion there is no merit in appellants' remaining contention regarding their claim as to the priority of their interest in the mobile home.

■ Finally, Bank One contends on cross appeal that the trial court abused its discretion by failing to award it damages stemming from the Hiers' alleged wrongful conversion of the mobile home during the pendency of this action. However, we agree with the trial court that the circumstances herein simply do not justify a finding that any such conversion occurred. *See Nolin Production Credit Association v. Canmer Deposit Bank,* Ky. App., 726 S.W.2d 693 (1986); *Ranier v. Gilford,* Ky.App., 688 S.W.2d 753 (1985).

The court's judgment is affirmed.

All concur.