CITIZENS NATIONAL BANK OF JESSAMINE COUNTY, n/k/a Citizens Bank of Jessamine County, Appellant,

v.

WASHINGTON MUTUAL BANK; Anthony Reynolds; Kim Reynolds; GTKY Credit Union, Inc.; and Rose Day, Appellees.

No. 2008–CA–000155–MR.

Court of Appeals of Kentucky.

April 9, 2010.

William Miles Arvin, Jr., Nicholasville, KY, for Appellant.

Valerie Van Valkenburg, Stephanie A. Maguire, Cincinnati, OH, for Appellee, Washington Mutual Bank.

No brief filed for Anthony Reynolds.

No brief filed for Kim Reynolds.

No brief filed for Rose Day.

Before KELLER and NICKELL, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

NICKELL, Judge.

In this foreclosure action, Citizens National Bank of Jessamine County (Citizens) has appealed from the Garrard Circuit Court's November 2, 2007, order accepting the report and recommendations of the master commissioner which found Washington Mutual Bank held a valid, first and prior security interest in a manufactured home[2] owned by Anthony and Kim Reynolds, and finding Citizens' security interest in the same home was inferior to Washington Mutual's lien. The master commissioner found Washington Mutual's filing of the foreclosure action accompanied by the filing of a notice of *lis pendens*[3] placed all creditors on notice of its claimed interest in and to the manufactured home and created a priority claim in it, thereby defeat-

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. The trial court, the master commissioner and the parties use the terms "mobile home" and "manufactured home" interchangeably. However, the term "mobile home" has fallen out of favor in recent years and 'has been replaced by the more modern and correct term "manufactured home." When quoting the trial court, the master commissioner or an argument of the parties, we will adopt the language utilized in the original. However, we shall otherwise use the more current terminology.

3. KRS 382.440.

ing Citizens' assertion of a priority claim against the home based upon its later-acquired perfected security interest. After a careful review of the record, the law, and the arguments of the parties, we reverse.

The sole issue to be decided in this appeal is the priority of competing liens in and to a manufactured home located on, but not attached to, a parcel of real estate which is the subject of a foreclosure action.[4] The salient facts are not in dispute and were succinctly set out by the master commissioner in his report. For the sake of judicial economy, we recite those facts as set forth in the report and adopt them as our own.

The land and mobile home were both previously owned by Rose Day. On February 18, 1999[,] Ms. Day conveyed the real estate to Anthony Reynolds and Kim Reynolds by deed, which was thereafter duly recorded in the Garrard County Clerk's Office. The deed description does not mention the mobile home; but it is clear from the record that the Reynolds were purchasing both from Ms. Day. The Reynolds further executed a mortgage to Washington Mutual Bank's predecessor in interest that was recorded shortly after the deed conveying a security interest in the Thompson Road property. There is no question the Washington Mutual Bank has a valid and first lien on the real property. There is no specific mention of the mobile home on the mortgage. Additionally, the Reynolds did not obtain a title certificate to the mobile home in their name. The evidence reveals that at the time of filing of the Complaint in this action by Washington Mutual, the mo-

bile home was still titled in Ms. Day's name. There was no title lien statement issued in favor of Washington Mutual, or its predecessors in interest. The parties acknowledge that the mobile home was never legally affixed to the real property so as to remove it from the motor vehicle title records and change its character from personal property to real property. As of the date of the filing of the Complaint, no person or entity had perfected any security interest in the mobile home.

On or about May 30, 2002, the Reynolds executed a second mortgage encumbering the real property in favor of Citizens. Once again there was no description of the mobile home in the mortgage and no title lien statement issued in favor of Citizens. The Reynolds subsequently defaulted on both loans prompting the filing of the present litigation.

The Complaint was filed by Washington Mutual on April 16, 2007, claiming lien priority on both the real estate and the manufactured home. On April 19, 2007, the Plaintiff recorded a *lis pendens* notice with the Garrard County Clerk's Office claiming an interest in both the real estate and the mobile home. (E18, P724). The *lis pendens* and its amendment both identified Citizens National Bank of Jessamine County as an interested party. Further, Citizens was listed as a party defendant and properly served with the Complaint. On May 16, 2007, after being served with the Complaint, Citizens and the Reynolds executed a Title Lien Statement regarding the mobile home, which was recorded in the Garrard County Clerk's

---

4. The home, a 1994 Fleetwood Stoneridge, is located at 422 Thompson Road, Lancaster, Garrard County, Kentucky. It has not been affixed to the land in a permanent manner, nor has there been recorded an affidavit of

conversion to real estate pursuant to KRS 186A.297. The priority of liens on the real estate is not in dispute as all parties concede Washington Mutual has a first and prior mortgage interest on the land.

Office on August 14, 2007. Both Washington Mutual and Citizens obtained judgments entered by the Court on September 21, 2007, both of which appear to grant both parties priority claims on the mobile home.

The master commissioner, citing *P.A. Stark Piano Co. v. Fannin*, 212 Ky. 640, 279 S.W. 1080 (1926), determined that KRS 382.440 applied equally to real and personal property. Without further citation to authority, the master commissioner found "the filing of the Complaint and *lis pendens* by Washington Mutual created a priority claim in the mobile home." The report held Citizens had legal notice of Washington Mutual's claim to the mobile home and the title lien statement executed after Citizens and Reynolds were put on notice constituted a transfer or assignment of interest and, pursuant to the mandates set forth in KRS 378.010,[5] was void as to Washington Mutual. Thus, the master commissioner concluded Washington Mutual's claims to the real estate and the manufactured home should be given priority over all other claims.

■ Citizens filed exceptions to the master commissioner's report and recommendations, claiming the filing of a notice of *lis pendens* did not independently create a lien against property and did not take priority over liens filed subsequent to the *lis pendens* filing. The trial court denied the exceptions and confirmed the master commissioner's report by docket order on November 2, 2007. Citizens' subsequent motion to alter, amend or vacate the order was denied. This appeal followed.

Citizens contends the trial court erred in confirming the master commissioner's report as it was based on the erroneous conclusion that the filing of a complaint and *lis pendens* created a priority lien on the manufactured home.[6] Citizens contends the purpose of a *lis pendens* is to provide notice of a claim and applies only to interests in real estate. Further, Citizens argues *Strong v. First Nationwide Mortgage Co.*, 959 S.W.2d 785 (Ky.App. 1998), stands for the proposition that a *lis pendens* does not independently create a lien and does not take priority over subsequently perfected liens.

On the contrary, Washington Mutual claims—and the master commissioner held—it created a valid *lis pendens*, the *lis pendens* doctrine applies to personal property, the filing of the *lis pendens* created a lien on the manufactured home, and Citizens' attempt to encumber the manufactured home after it received notice of Washington Mutual's claim was void. As did the master commissioner, Washington Mutual relies on *P.A. Stark* in support of its position. Washington Mutual further claims that because the *lis pendens* was filed several months prior to Citizens' perfection of its lien, Citizens cannot acquire a superior interest even though Washington Mutual did not perfect its lien.

■ We agree with Citizens. Kentucky's *lis pendens* statute clearly applies

---

5. KRS 378.010 states in pertinent part:
   Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons. This

section shall not affect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

6. As previously noted, there is no dispute Washington Mutual holds a first and prior mortgage interest in the real property.

only to real estate. KRS 382.440. In *Greene v. McFarland*, 43 S.W.3d 258, 260 (Ky.2001) (citing Black's Law Dictionary 943 (7th ed. 1999)), the Supreme Court of Kentucky defined *lis pendens* as "[a] notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Further, as correctly noted by Citizens, the mere filing of a notice of *lis pendens* is insufficient to independently create a security interest. KRS 382.440; *Strong*, 959 S.W.2d at 787–88 (quoting *Leonard v. Farmers and Traders Bank, Shelbyville*, 605 S.W.2d 770, 772 (Ky.App.1980)). Neither does such a filing affect the priority of competing security interests. *Id.* at 788.

Washington Mutual claims *P.A. Stark* and *New Holland Mach. Co. v. Bell*, 357 S.W.2d 868 (Ky.1962), held that the common law doctrine of *lis pendens* applied to personal property and the statutory enactment of the doctrine did not abrogate its application to personal property. However, Washington Mutual fails to appreciate that the cases upon which it relies were decided under laws in effect prior to Kentucky's adoption of the Uniform Commercial Code (UCC), which now governs priorities among competing lien claimants. *See Williams v. Fulmer*, 695 S.W.2d 411 (Ky.

1985). As adopted in this Commonwealth, the UCC does not allow for the filing of a *lis pendens* on personal property such as the manufactured home in issue here. We are unable to locate any Kentucky case applying the *lis pendens* doctrine to certificated personal property and we are convinced none exists.

There is no question that Reynolds did not comply with the requirements of KRS 186A.297[7] and, therefore, the manufactured home remains personal property. KRS 186A.190 provides that the sole means of perfecting a security interest in personal property for which a certificate of title is issued is by placing a notation of the lien on the certificate of title. *See also Hiers v. Bank One*, 946 S.W.2d 196, 198 (Ky.App.1996). There is no dispute Citizens has so perfected its lien but Washington Mutual has not. It is fundamental that unperfected security interests are subordinate to perfected security interests. *See* KRS 355.9–317. This is true regardless of Citizens' knowledge of Washington Mutual's filing of a notice of *lis pendens* and any claim set up by such filing because, as we stated earlier, the notice of *lis pendens* applied only to the real estate which was the subject of the underlying foreclosure action, and not the manufactured home situated thereon. Because Washington Mutual has failed to perfect its lien under the mandates of KRS

---

7. KRS 186A.297 provides:

(1) When a manufactured home is or is to be permanently affixed to real estate, the owner may execute and file an affidavit of conversion to real estate with the county clerk of the county in which the real estate is located. The affidavit shall attest to the fact that the home has been or will be permanently affixed to the real estate and be accompanied by a surrender of the Kentucky certificate of title. The county clerk shall file the affidavit of conversion to real estate in the miscellaneous record book.

(2) A county clerk shall not accept a surrender of a Kentucky certificate of title which displays an unreleased lien unless it is accompanied by a release of the lien. When the county clerk files the affidavit of conversion to real estate, the county clerk shall furnish a copy to the property valuation administrator for inclusion in the real property tax rolls of the county. A filing of an affidavit of conversion to real estate and a surrender of a Kentucky certificate of title shall be deemed a conversion of the property as an improvement to the real estate upon which it is located.

186A.190, its interest in the Reynolds' manufactured home must necessarily give way to Citizens' perfected claim. The master commissioner's findings were incorrect and the trial court erred in not so finding.

Finally, it is important to note that the sole issue decided in this appeal is the priority of the competing liens of two creditors. Nothing in this opinion should be construed to imply that Washington Mutual does not have an interest in the manufactured home. Rather, we hold only that Washington Mutual's claim against the home is junior to Citizens' interest. Our holding also does not diminish the extent of Washington Mutual's interest against the Reynolds.

For the foregoing reasons, the judgment of the Garrard Circuit Court is reversed and the cause remanded for entry of a judgment consistent with this opinion.

ALL CONCUR.