**John R. BOWLING; and April L. Bowling, Appellants**

v.

**APPALACHIAN FEDERAL CREDIT UNION, Appellee**

**NO. 2015–CA–000041–MR**

Court of Appeals of Kentucky.

FEBRUARY 3, 2017; 10:00 A.M.

386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

BRIEF FOR APPELLANTS: John R. Bowling, Pro Se, April L. Bowling, Pro Se, Manchester, Kentucky

NO BRIEF FOR APPELLEE.

BEFORE: ACREE, STUMBO, AND TAYLOR, JUDGES.

## OPINION

TAYLOR, JUDGE:

John R. Bowling and April L. Bowling bring this *pro se* appeal from a December 23, 2014, order of the Jackson Circuit Court confirming a sale of real property and a manufactured home. We affirm in part, reverse in part, and remand.

On September 16, 2011, the Appalachian Federal Credit Union (Credit Union) filed a Complaint for Foreclosure in the Jackson Circuit Court against the Bowlings. Therein, the Credit Union alleged that the Bowlings executed a promissory note on June 5, 2009, for the principal sum of $62,450 and granted the Credit Union a mortgage upon three acres of real property located in Jackson County. Additionally, the Credit Union alleged that the Bowlings executed a second promissory note on March 8, 2010, for the principal sum of $71,868.60 and also granted the Credit Union a second mortgage upon the same three acres of real property located in Jackson County. The Credit Union maintained that the Bowlings had defaulted under the terms of both promissory notes and sought to have the subject real property sold to satisfy their indebtedness. The Credit Union then filed both a motion for default judgment and a motion for summary judgment. The Bowlings proceeded *pro se* and filed an answer generally denying the allegations set forth in the complaint on February 9, 2012. On the same day, February 9, 2012, a summary judgment and order for judicial sale of real estate (order of sale) was entered. The circuit court found that the Bowlings had defaulted upon both promissory notes and that a valid mortgage existed upon the Bowlings' three acres of real property. Thus, the circuit court ordered the three acres of real property sold by the master commissioner. The summary judgment and order of sale made no reference to the Bowlings' mobile home, located thereon. A notice of sale was entered by the master commissioner on February 20, 2012.

John Bowling thereupon filed a notice of appeal (Appeal No. 2012–CA–000473–MR) from the February 9, 2012, order of sale. The Court of Appeals ultimately dismissed Bowling's direct appeal as he failed to name an indispensable party, April Bowling, in the notice of appeal.[1] Bowling then sought discretionary review by the Kentucky Supreme Court which was denied by order entered August 14, 2014.

Upon remand, the master commissioner issued a second notice of sale on September 15, 2014. By report of sale filed October 8, 2014, the Master Commissioner of Jackson Circuit Court reported that the three acres of real property had been sold to the highest bidder (the Credit Union) for a purchase price of $34,100, on that same day.[2] The Credit Union was granted

---

1. The Opinion and Order dismissing the appeal was rendered August 23, 2013.

2. The real property had been appraised at $51,000.

a credit for its judgment against the purchase price and costs. The Bowlings filed an objection to the sale on October 16, 2014, contending that the mobile home located on their real property was not subject to the Credit Union's mortgage lien claim. In a December 23, 2014, order, the circuit court confirmed the sale and ordered the master commissioner to convey by deed the subject real property to the Credit Union. Additionally, the circuit court also instructed the master commissioner to transfer the Bowlings' mobile home located on the realty as follows:

> It is FURTHER ORDERED that the Master Commissioner shall execute a title transfer and execute the title to covey the purchaser, the [Credit Union], the 1999 Fleetwood Mobile Home, NFLX27AB19867SR13. The Master Commissioner is ORDERED and AUTHORIZED TO execute an application for a duplicate title and upon receipt of the title, the Master Commissioner is Ordered and authorized to execute all documents necessary to transfer the title to the mobile home to the [Credit Union].

Order confirming sale at 2. This appeal follows.

■ The Bowlings contend that the circuit court committed error by confirming the sale by the master commissioner that included their "double-wide mobile home" then situated upon the three acres of real property at the time of the foreclosure. The Bowlings argue that their mobile home was not specifically listed in the mortgage documents and that it was not part of the real estate subject to the Credit Union's mortgage. For the reasons stated, we agree.

We begin our analysis by noting that the Credit Union has failed to file an appellee brief in this case. Kentucky Rule of Civil Procedure (CR) 76.12(8)(c) "provides the range of penalties that may be levied against an appellee for failing to file a timely brief." *St. Joseph Catholic Orphan Soc'y v. Edwards*, 449 S.W.3d 727, 732 (Ky. 2014). This Court may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." CR 76.12(8)(c). For purposes of this appeal, we accept the Bowlings' statement of facts set forth throughout their brief in regard to their "double-wide mobile home" as correct.

■ Based on the record in this case, the Bowlings' "double-wide mobile home" is a manufactured home as described in KRS 186.650(3). Ownership of a manufactured home, even if situated upon real property, requires a certificate of title to be issued as indicia of ownership. KRS 186A.070(1). Until permanently affixed to real property, a manufactured home is personal property, not real property, under Kentucky law. *Citizens Nat'l Bank v. Washington Mut. Bank*, 309 S.W.3d 792 (Ky. App. 2010). KRS 186A.190 "provides that the sole means of perfecting a security interest in personal property for which a certificate of title is issued is by placing a notation of the lien on the certificate of title." *Citizens Nat'l Bank*, 309 S.W.3d at 796. And, a manufactured home may become "permanently affixed" to real property if the mandates of KRS 186A.297 are fulfilled. *Citizens Nat'l Bank*, 309 S.W.3d 792; *see also PHH Mortg. Servs. v. Higgason*, 345 B.R. 584 (E.D. Ky. 2006).[3]

■ KRS 186A.297 provides:

---

**3.** We view *PHH Mortgage Services. v. Higga-* son, 345 B.R. 584 (E.D. Ky. 2006) as correctly

(1) When a manufactured home is or is to be permanently affixed to real estate, the owner may execute and file an affidavit of conversion to real estate with the county clerk of the county in which the real estate is located. The affidavit shall attest to the fact that the home has been or will be permanently affixed to the real estate and be accompanied by a surrender of the Kentucky certificate of title. The county clerk shall file the affidavit of conversion to real estate in the miscellaneous record book.

(2) A county clerk shall not accept a surrender of a Kentucky certificate of title which displays an unreleased lien unless it is accompanied by a release of the lien. When the county clerk files the affidavit of conversion to real estate, the county clerk shall furnish a copy to the property valuation administrator for inclusion in the real property tax rolls of the county. A filing of an affidavit of conversion to real estate and a surrender of a Kentucky certificate of title shall be deemed a conversion of the property as an improvement to the real estate upon which it is located.

Under KRS 186A.297, a manufactured home may be converted from personal property and may be "permanently affixed to real estate" if the owner thereof files an affidavit of conversion and surrenders the certificate of title to the county clerk. If a manufactured home is legally converted from personal property to a permanent improvement upon real property under KRS 186A.297, a valid lien upon such real property could, likewise, constitute a valid

lien upon the manufactured home. Otherwise, a mortgage or lien upon real property is insufficient to perfect a lien or security interest in a manufactured home, as it is personal property.

In its order confirming the sale, for the first time in this case, the circuit court specifically referenced the Bowlings' manufactured home and further recognized that it had a certificate of title. The circuit court particularly set forth the manufactured home's serial number and ordered the master commissioner "to execute an application for duplicate title." Thus, it is patently clear that a certificate of title existed upon the Bowlings' manufactured home. As a result, the only available method to perfect a security interest upon the Bowlings' mobile home was by notation on the certificate of title as provided by KRS 186A.190. *See Citizens Nat'l Bank*, 309 S.W.3d 792. There is nothing in the record on appeal before this Court that the Credit Union either created, attached or perfected a security interest in the Bowlings' manufactured home by notation on its title per KRS 186A.190; nor was the manufactured home converted to real estate pursuant to KRS 186A.297. Rather, the Credit Union merely filed a foreclosure action against the Bowlings' to enforce its mortgage on real property, which had no legal effect on the manufactured home. Our conclusion is further buttressed by the fact that the Credit Union's complaint for foreclosure made no reference to the Bowlings' manufactured home or a security interest therein.

■ Accordingly, we conclude that the Credit Union's mortgages upon the three acres of real property were insufficient to concomitantly place a lien upon the manufactured home, as it was personal property

setting forth Kentucky law as to perfecting liens or security interests upon manufactured homes.

and further, was not referenced in either of the mortgages.[4] A manufactured home is not a fixture to real estate in Kentucky. The Credit Union failed to properly create or perfect its lien claim against the manufactured home in accordance with KRS 186A.190.[5] Thus, we hold that the circuit court erred as a matter of law by confirming the sale of the manufactured home. Upon remand, the circuit court shall set aside the order of sale, in part, and order the return of the manufactured home to the Bowlings, as their separate personal property which is not encumbered by the Credit Union's mortgage. The court shall further rescind any certificate of title created by the court's order confirming the sale for the manufactured home.

As to the Bowlings' remaining contentions of error, we view them to be without merit. Except as pointed out above in relation to the manufactured home, we believe the sale of the three acres of real property was properly conducted under the law of this Commonwealth and that the Bowlings were not entitled to a stay of the proceeding. Moreover, the Bowlings must avail themselves of the federal courts if they wish to maintain a bankruptcy proceeding.

For the foregoing reasons, the order of the Jackson Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

---

4.  We note with grave ethical concern that the purported lien against the manufactured home, was not referenced in any of the following documents in the record on appeal: i) foreclosure complaint, ii) both mortgages against the real property, iii) attorney's sworn affidavit for appellees in support of motion for default, iv) summary judgment and order of sale entered by circuit court, v) two notice of sales prepared by master commissioner, vi) order appointing appraisers prepared by master commissioner, and vii) appraisement filed by the appraisers. The purported lien against the manufactured home is referenced for the first time in appellee's motion to confirm sale, filed November 14, 2014, over three years after the filing of the initial complaint.

5.  Neither of the Appalachian Federal Credit Union's mortgages created a security interest or lien against John R. Bowling and April L. Bowling's manufactured home, the same being personal property of the Bowlings. *Cf. In re Dickson*, 655 F.3d 585 (6th Cir. 2011).