## Perkins v. Ogilvie, et al.

(Decided October 26, 1910.)

### Appeal from McCracken Circuit Court.

Land—Lis Pendens Purchaser—Absence of Notice to Enforce Lien—Jurisdiction of Court.—S. was the real owner of certain land upon which appellant had a lease. B. was seeking in a legal proceeding against S. to enforce a lien upon the land. Appellant would have been a lis pendens purchaser and bound by any judgment the court may have entered against S. with regard thereto. Ky. St. section 2358a, was enacted to protect lis pendens purchasers of land by requiring a notice of an action to enforce liens to be filed and recorded in the clerk's office. Appellant being without actual notice, the pendency of the action of B. to enforce his lien could not affect his rights. This being true, as appellant was not a party to the action in any way, the trial judge was without jurisdiction to enter any judgment which would affect appellant's rights.

MILLER & MILLER for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Reversing.

This action was instituted in the McCracken circuit court by the appellant, Charles Perkins, against the ap-

pellees, John W. Ogilvie and R. C. Fortson his deputy, to recover damages for an alleged trespass against him which consisted in forcibly putting him out of possession of eighty-nine acres of land in McCracken county which he had rented from the owner, John B. Steele. The sheriff and his deputy were acting under the authority of a writ of possession issued by the judge of the McCracken circuit court in the case of A. T. Russell v. John B. Steele. It seems that, at the time Steele rented the premises to appellant Perkins, there was pending in McCracken circuit court the case of A. T. Russell v. John B. Steele, in which Russell, the plaintiff, was seeking to enforce a lien upon the property in question; that pending the proceedings, Perkins, without any knowledge of the pendency of the suit, rented the property, took possession, and was cultivating a crop thereon. Afterwards, but before the expiration of the lease, the court, by proper order, undertook to place the property in the possession of his commissioner, Cecil Reed, and issued a writ of possession directing the sheriff to place the commissioner in possession. It was under this writ that appellant was dispossessed. It is not pretended that appellant was a party to the action, or, that he knew of its pendency, or that his name was mentioned in the writ of possession. It was also proved that no notice of the pendency of the action to enforce the lien was filed in the clerk's office of the McCracken county court.

Section 2358a, of the Kentucky Statutes, is as follows:

"That no action, cross action, counterclaim, or other proceeding whatever (save actions for forcible detainer or forcible entry or detainer) hereafter commenced or filed in which the title to, or the possession or use of, or any lien, tax, assessment, or charge on real estate, or any interest therein, is in any manner affected or involved, nor any order or judgment therein, nor any sale or other proceeding thereunder, shall in any manner affect the right, title or interest of any subsequent purchaser, lessee or incumbrancer of such real estate or interest for value and without notice thereof, except from the time when there shall be filed in the office of the clerk of the county court of the county in which such real estate, or greater part thereof, lies, a memorandum stating (one) the number of said action where the action is numbered, and style of such action or proceeding and the court in which it is commenced, or is pending; (two) the name of the person whose right, title, interest in, or

claim to, real estate is involved or affected; (three) a description of the real estate in said county thereby affected. Such notice may be filed by any party in interest. No notice shall extend to the interest of any person not designated therein, nor to any real estate or interest except that described therein; and when any amendment is made in such action or proceeding, changing the description of the real estate, or interest involved or affected, or extending the claim against the same, the party filing such notice shall file a new notice. Where the real estate so affected consists of tracts lying in different counties, a separate notice shall be filed in each county as to the tract lying in that county.''

At the conclusion of the evidence, which showed the facts hereinbefore stated, the trial judge gave the jury a peremptory instruction to find a verdict for the defendants, which was done, and from the judgment based upon this verdict this appeal is prosecuted.

Steele was the real owner of the land from which appellant was ejected by the sheriffs. Russell was seeking in the legal procedure against Steele to enforce a lien upon the land. Undoubtedly, before the enactment of section 2358a, Ky. Stats., above quoted, appellant Perkins would have been a lis pendens purchaser and bound by any judgment which the court may have entered against Steele with regard to the property. The statute was enacted to protect lis pendens purchasers by requiring a notice of the pendency of actions to enforce liens to be filed and recorded in the county clerk's office in much the same way that a deed is required to be recorded. Perkin's lease seems to fall within the very letter of the statute, and inasmuch as Russell did not comply with its requirements by filing notice in the county clerk's office, and Perkins was without actual notice, the pendency of the action to enforce the lien could not affect his rights. This being true, as appellant was not a party to the action, nor before the court in any way, the trial judge was without jurisdiction to enter any judgment or make any order which would conclude or affect his rights in the property.

Nor can the officers having the writ in hand shelter under its protection for acts done to one over whom the court had no jurisdiction. The writ of possession was absolutely void as against appellant. The sheriffs, therefore, were trespassers from the beginning, and liable in

compensatory damages for all injurious acts done to appellant in putting the writ in execution against him.

Judgment reversed for further procedure consistent with this opinion.