**U. Wayne GREENE and Dana Greene, Appellants,**

v.

**Daniel McFARLAND and Margaret McFarland, Appellees.**

**No. 1999–SC–1151–DG.**

Supreme Court of Kentucky.

April 26, 2001.

James C. Helton, Helton and Helton, Pineville, for Appellants.

Jacob P. Cline III, Middlesboro, for Appellees.

GRAVES, Justice.

This is a case involving the application of KRS 382.440 (memorandum of actions affecting real property....). The Court of Appeals determined that Appellees were subsequent purchasers under KRS 382.440(1), and thus the trial court erred in refusing to discharge a lis pendens notice filed by Appellants on Appellees' real property. However, we hold that the trial court erred in finding that Appellants, as general creditors, were entitled to file a lis pendens affecting the title of the property in question. As such, we affirm the decision reached by the Court of Appeals, but on different grounds.

This case stems from a 1991 divorce action between Donald R. Owens and Billie J. Owens. Among the marital assets were two closely-held corporations, and a Bell County residence. The Bell Circuit Court was overseeing the disposition of the marital assets and was holding in escrow the proceeds of the sale of some of the assets for distribution to creditors, personal and corporate. On August 3, 1994, Appellants, U. Wayne Greene and Dana Greene, filed an intervening complaint in the divorce action as general creditors, asserting claims for accounting fees against the Owenses and their corporations. On August 4, 1994, the Owenses tendered an agreed order distributing to the creditors the proceeds being held in escrow. However, the agreed order failed to identify the Greenes as creditors. As such, on September 22, 1994, the Bell Circuit Court entered an order permitting the Greenes to trace the proceeds from sale of the corporate assets to all sources including the marital residence. Through this discovery procedure, the Greenes determined that some of the corporate assets had been fraudulently distributed to Billie J. Owens, for the purpose of satisfying an indebtedness on the marital residence. As a result, the Greenes

filed a lis pendens notice on the marital residence on March 4, 1996.

However, on February 15, 1996, prior to the Greenes filing the lis pendens, Billie J. Owens executed a deed conveying the marital residence to Appellees, Daniel and Margaret McFarland. At the time the deed was executed, a preliminary title search had uncovered no cloud on the title. For reasons not disclosed in the record, the actual closing did not occur until March 15, 1996. When the McFarlands ultimately recorded the deed on March 22, 1996, a final title search uncovered the lis pendens filed by the Greenes.

In July 1996, the McFarlands filed the instant action to discharge the lis pendens. The McFarlands relied heavily on *Bonnie Braes Farms, Inc. v. Robinson*, Ky.App., 598 S.W.2d 765, 767 (1980), a slander of title action, in which the Court of Appeals stated:

> The allegations of appellant's complaint satisfy the first requirement for maintaining a slander of title action, i.e., that appellees knowingly and maliciously communicated, through an invalid lis pendens notice, a false statement which had the effect of disparaging appellant's title to its property. The disparagement lies in the statement in the lis pendens that the pending action in the Fayette Circuit Court affected appellant's right, title and interest in its real property when in fact that action could not affect the property until such time as appellees obtained a final judgment in the action, and pursuant to the judgment, perfected a levy of execution on the property.

Although it is undisputed that the Greenes did not receive a final judgment against the Owenses until May 3, 1996, two months after filing their lis pendens notice, the trial court found *Bonnie Braes, supra*, not dispositive. The trial court apparently concluded that the September 22, 1994 tracing order put the property within the court's purview since money from the court-monitored escrow account was used for its benefit, namely to pay the indebtedness on the residence. Thus, the trial court granted the Greenes' motion to dismiss the McFarland's action.

The Court of Appeals, on the other hand, reversed, stating that a chronology of events was dispositive. The panel focused on the language of KRS 382.440(1), which provides that a lis pendens shall not have any effect on a subsequent purchaser for value and without notice thereof, except from the time proper notice was filed. Holding that the property in question was conveyed as of the date of the deed, February 15, 1996, which was prior to the filing of the lis pendens, the Court of Appeals held that the McFarlands were not affected by it. Because we hold that the lis pendens was never validly filed, we need not reach the timing issue relied upon by the Court of Appeals.

■ Lis pendens is defined as "[a] notice, recorded in the chain of title to real property, ... to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." BLACK'S LAW DICTIONARY 943 (7th ed.1999). A lis pendens notice is appropriate in situations where the title to property is at stake (actions for partition, quiet title, and will contests, for example), and it serves as notice that the purchaser takes the title subject to the same restrictions as would apply to the seller. Actions for general debt do not give rise to valid lis pendens actions because there is no actual lien or interest in the real property. *See Perkins v. Ogilvie*, 140 Ky. 412, 131 S.W. 200 (1910).

█ 261

The trial court erred in placing too much emphasis on the September 22, 1994 tracing order, which was not a final judgment against the Owenses, but rather a discovery order. The fact that discovery revealed that proceeds of a court-controlled account were allocated to pay debt on the marital residence was not sufficient to give the Greenes an interest in the real property. The Greenes are general creditors who are owed monies from accounting services they provided to the Owenses and the corporations. The Greenes' claim has no direct attachment to the real property that was conveyed to the McFarlands. While the Greenes may still have a cause of action against one or both of the Owenses, they cannot maintain an action against the McFarlands who took clear title to the real property in question.

For the foregoing reasons, the decision of the Court of Appeals is affirmed. This matter is remanded to the Bell Circuit Court for entry of an order removing the cloud on the McFarland's title.

All concur.