[redacted]

**Geraldine M. GUERIN, Appellant,**

**v.**

**Charles FULKERSON, Appellee.**

**No. 2010–CA–000330–MR.**

Court of Appeals of Kentucky.

Oct. 7, 2011.

[redacted]

Geraldine M. Guerin, Horse Cave, KY, pro se.

Patrick A. Ross, Nathaniel Crenshaw, Horse Cave, KY, for appellee.

Before TAYLOR, Chief Judge; STUMBO, Judge; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge.

Geraldine M. Guerin appeals from the Hart Circuit Court's entry of summary judgment as to her claim of unjust enrichment brought against Appellee Charles Fulkerson. Because Appellant failed to produce evidence that genuine issues of material fact existed as to the merits of this claim, summary judgment was appropriate. Thus, we affirm.

Between October 2004 and November 2006, Commodore (Tommy) Masterson and his wife, Judy Masterson, presented Appellant with proposals for work to be

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

done on her property by Masterson Construction & Development, a business owned and operated by the Mastersons. These proposals primarily involved building a log home and a barn on Appellant's property. Appellant agreed to a number of the proposals and paid in advance for the proposed work and any necessary materials, permits, and fees. Part of the work was performed, but Commodore Masterson died on January 22, 2007, before substantial portions of the project could be completed or, in some cases, even begun. Ultimately, Masterson Construction & Development failed to finish the project despite repeated requests, and Appellant was forced to turn to other contractors. According to Appellant, despite failing to finish the work on her property, Masterson failed to refund any money for labor not performed or for materials paid for but not purchased.

On January 22, 2008, Appellant filed suit against Judy Masterson, Thelma Anderson (the mother of Judy Masterson), and Appellee regarding the "payments made to make improvements on [Appellant's] Hart County property." Appellant's complaint asserted a variety of claims, including breach of contract, unjust enrichment, misrepresentation, and fraud. Appellant specifically alleged that Masterson had failed to use the sums paid by Appellant for their intended purpose, *i.e.*, for the work on Appellant's property. Instead, Appellant claimed that the money had been inappropriately converted to pay for Masterson's household expenses and to make improvements and repairs on a mobile home owned by Anderson. This mobile home was located on property immediately adjacent to Appellant's property. The Mastersons had previously leased this property from T & L Investments, Inc. with an option to purchase, but the option was not

exercised prior to Commodore Masterson's death. However, Judy Masterson purchased the property in June 2007 and then sold it to Appellee in September 2007. This sale is the focus of the current appeal.

The majority of Appellant's claims were made against Masterson and Anderson, but Appellant also claimed that Appellee had been unjustly enriched because of the circumstances surrounding his purchase of the real estate adjacent to Appellant's property. Following Commodore Masterson's death, a probate proceeding was commenced in Hart District Court. Appellant filed a claim against Masterson's estate as well as a lis pendens notice in the county clerk's office regarding the property purchased by Appellee.[2] Appellant claims that the district court issued an order preventing Masterson from selling this property, but this order has not been made part of the record. In any event, Masterson sold the subject property to Appellee for $135,000. In her complaint in the current action, Appellant claimed that Appellee had been unjustly enriched at her expense because he had "purchased the property, subject to the lis pendens, for less than the asking price" and because Appellee had taken "possession, without payment of additional consideration, of equipment, building materials, equipment storage cases and other personalty" that had allegedly been left on the property by Judy Masterson.

On November 6, 2008, Appellee moved for summary judgment on the grounds that: (1) Appellant had failed to properly file her lis pendens notice against the vested owner of the subject property, which—at that time—was Judy Masterson; (2) the lis pendens notice was otherwise invalid since the title to the subject real estate was not in issue; and (3) Appellant had

2. A copy of this notice has not been included in the record.

failed to produce any evidence showing that Appellee was anything other than a bona fide purchaser of the property. Appellee further argued that Appellant had generally failed to produce evidence showing that a genuine issue of material fact existed as to these issues. In response, Appellant argued that because Appellee was advised that a "cloud" on the real property's title existed and because Appellee had allegedly told her that items of personal property were left on the subject real estate, genuine issues of material fact existed as to whether Appellee had been unjustly enriched. These facts were based solely on Appellant's own deposition testimony. Appellant further argued that the motion for summary judgment was premature since a number of issues remained to be resolved in the probate proceeding.

No ruling was made on the motion, and the record reflects no activity in the case for over a year until Appellee renewed the motion for summary judgment on December 23, 2009. The trial court subsequently entered an opinion and order granting Appellee's motion. The court concluded that the lis pendens notice filed by Appellant did not "cloud" any title procured by Appellee and that there was no evidence presented that could support Appellant's contention that Appellee had been unjustly enriched by his purchase of the property. This appeal followed.

On appeal, Appellant argues that summary judgment was inappropriate and that genuine issues of material fact remain as to her unjust enrichment claim against Appellee that preclude judgment as a matter of law. The standards for reviewing a trial court's entry of summary judgment are well-established and were concisely summarized by this Court in *Lewis v. B & R Corp.*, 56 S.W.3d 432 (Ky.App.2001):

The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial."

*Id.* at 436 (Internal footnotes and citations omitted). Because summary judgments involve no fact finding, we review the trial court's decision *de novo.* *3D Enters. Contr. Corp. v. Louisville & Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky.2005); *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky.App.2000).

Appellant first raises a vague contention that the lis pendens notice placed on the subject real property put Appellee on notice of a potential "cloud" on the title prior to his purchase. However, it is somewhat unclear what relief she is seeking with respect to this assertion or how it relates to her unjust enrichment claim against Appellee. In any event, we fail to see how a lis pendens notice would somehow encumber the property at issue in this case.

Lis pendens is defined as "[a] notice, recorded in the chain of title to real property, ... to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Greene v. McFarland*, 43

S.W.3d 258, 260 (Ky.2001), *quoting* BLACK'S LAW DICTIONARY 943 (7th ed.1999); *see also* KRS 382.440. "A lis pendens notice is appropriate in situations where the title to property is at stake (actions for partition, quiet title, and will contests, for example), and it serves as notice that the purchaser takes the title subject to the same restrictions as would apply to the seller." *Greene*, 43 S.W.3d at 260. Consequently, "in order to invoke the doctrine of lis pendens, it is not sufficient that a property be the source out of which the plaintiff will be compensated. Rather, the property that is described for the purpose of invoking the doctrine must be at the very essence of the controversy between the litigants." 51 Am.Jur.2d *Lis Pendens* § 19 (2000) (footnote omitted).

Because of this, "[a]ctions for general debt do not give rise to valid lis pendens actions because there is no actual lien or interest in the real property." *Greene*, 43 S.W.3d at 260.[3] This fact is fatal to Appellant's lis pendens claim since the pending litigation had no direct nexus at all to the real property at issue. Instead, it is obvious that Appellant had nothing more than a general creditor's claim against Commodore Masterson's estate. Indeed, she acknowledged in her deposition that the lis pendens notice was based upon her belief that "the property was part of the estate ... and I had a claim against the estate. That's where that comes from." Thus, Appellant's claim against Appellee did not have a direct attachment to the real property itself, and the recording of a lis pendens was inappropriate and ineffective in terms of encumbering a sale of the property to Appellee.[4] *Id.* at 261. Therefore, to the extent that Appellant believes her filed lis pendens notice somehow precluded the entry of summary judgment herein, she is mistaken.

Appellant also argues that her unjust enrichment claim against Appellee was erroneously dismissed via summary judgment. For a party to prevail under the theory of unjust enrichment, she must prove three elements: "(1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky.App.2009); *see also Guarantee Electric Co. v. Big Rivers Electric Corp.*, 669 F.Supp. 1371, 1380–81 (W.D.Ky.1987).

Although Appellant's brief is somewhat unclear on the matter, the primary basis for her unjust enrichment claim against Appellee appears to be her belief that the Mastersons had used her money to make repairs and improvements on the mobile home owned by Thelma Anderson and later by Appellee. However, in her deposition, Appellant acknowledged that the "only factual basis" for her belief was "the amount of work that was done on the home ... over the time period that I was making these payments." When asked if she had any documentation or witness statements to support her belief that her money had been used to make improvements to the mobile home, Appellant testified that she had "not spoken with anyone" and that

3. A lis pendens notice also does not independently create a lien against property. *Strong v. First Nationwide Mortg. Corp.*, 959 S.W.2d 785, 787–88 (Ky.App.1998); *Leonard v. Farmers & Traders Bank, Shelbyville*, 605 S.W.2d 770, 772 (Ky.App.1980).

4. We further note that if Appellant has any issues with respect to the sale of the subject real property despite the purported order of the district court restricting such, those issues are more properly raised before that court. We address only the validity of the lis pendens notice as to Appellee.

the "only document [she] would have would be a picture that showed the improvements on that home." Appellant also testified that following Commodore Masterson's death, Judy Masterson told her that she would give Appellant a "refund." Appellant believed that this meant that the sums she had paid for the log cabin and barn had been used "elsewhere." These assertions are simply not enough to show that Appellant could sustain the burden of proving her case. *See Hayes v. Rodgers*, 447 S.W.2d 597, 600–01 (Ky.1969).[5]

Appellant also asserted that Appellee had been unjustly enriched because he had taken possession of building materials, equipment, and other structures that were on the subject property without paying fair market value for them. Appellant indicated that she was referring to roofing tile, a flatbed trailer, a barn, and an outbuilding that had been left on the property. Appellant believed that Appellee had not paid fair market value for these items because her "discussion with [Appellee] said that these items were just left." She further indicated that the gist of her complaint with respect to these items is that they were "property that could have been used to resolve claims against the estate." However, she acknowledged that she did not know the source of the money used to purchase these items. Again, we fail to see how these sparse bits of information—

rooted largely in conjecture—can support an unjust enrichment claim against Appellee. Moreover, Appellant cites us to no helpful legal authority that would support her position.

Furthermore, there was no evidence produced suggesting that Appellee had any sort of previous relationship with the Mastersons beyond his purchase of the subject property from Judy Masterson, and there is nothing suggesting that he was somehow engaged in fraud or collusion with Judy Masterson concerning the property. In all respects, he appears to have been a bona fide purchaser for value who took clear title to the property. Consequently, even assuming that a viable claim for unjust enrichment existed here—a claim which, frankly, is tenuous at best [6]—it was incumbent upon Appellant to produce evidence supporting it. She did not. Thus, summary judgment was appropriate.

For the foregoing reasons, the judgment of the Hart Circuit Court is affirmed.

ALL CONCUR.

---

5. Appellant also makes a vague claim that Appellee's "position . . . that the property was only purchased from Mrs. Masterson, and not from Mrs. Masterson and the Estate, is evidence that he obtained more than his bargain." We fail to see the reasoning behind this assertion, and Appellant does not endeavor to further explain it.

6. We note that the trial court's order of summary judgment stated that "[i]f there is a cause of action it remains against Ms. Masterson or if the sale was improper it may be resolved in the Probate Court. . . . It does not follow that the purchaser (Mr. Fulkerson) of

property is liable to the victim (Ms. Guerin) for damages that were done by another party (Ms. Masterson) unless they were acting in concert to defraud the victim." Under the circumstances presented here, the trial court's conclusions were reasonable. *See Greene*, 43 S.W.3d at 261 ("The Greenes' claim has no direct attachment to the real property that was conveyed to the McFarlands. While the Greenes may still have a cause of action against one or both of the Owenses, they cannot maintain an action against the McFarlands who took clear title to the real property in question.")