**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION,** Appellant,

v.

**Gary JONES, Ricky Osborne, Gregory Boger, Ronald Gupton, Jeffrey Baxter, Clifton Bishop, James Gardner, James Doyle, Larry Brummett, Robert Beard, and Batesville Casket Company,** Appellees.

No. 90–CA–928–MR.

Court of Appeals of Kentucky.

Jan. 25, 1991.

Case Ordered Published by Court of Appeals April 12, 1991.

Discretionary Review Denied by Supreme Court June 26, 1991.

John H. Walker, Frankfort, for appellant.

David William Hupp, Edwin Hopson, Louisville, Phil A. Bertram, Campbellsville, for appellees.

Before LESTER, C.J., and HOWARD and McDONALD, JJ.

HOWARD, Judge.

The Kentucky Unemployment Insurance Commission appeals a judgment of the Tay-

lor Circuit Court in which suspended employees were ruled to be entitled to unemployment compensation benefits.

The individual appellees are all employees of Batesville Casket Company. The employees engaged in certain actions while picketing Batesville Casket. As a result of these actions, the employees were suspended on March 19, 1989, pending an investigation by the company. Batesville Casket subsequently notified the employees that it determined not to terminate their employment and that the suspensions were being lifted as of March 16, 1989. However, one of the appellee employees, James Doyle, who was originally suspended, was discharged by the company.

The employees filed unemployment compensation claims which were denied. The reasons given for the denials were that the suspensions were a result of work-related misconduct. The employees appealed and a hearing was held before a referee on consolidated appeals. The referee upheld the initial denial of compensation. The commission issued a final order on July 26, 1989, affirming the referee's decision.

The employees filed an appeal with the Taylor Circuit Court. The trial court upheld the commission's finding that the employees had engaged in misconduct. The trial court did not agree that suspension for misconduct disqualifies an employee from compensation because KRS 341.370 only provides for disqualification in the event of "discharge" for misconduct. The trial court further found that James Doyle was properly denied benefits once he was discharged. The commission appeals to this Court only on the issue of whether suspension for misconduct results in disqualification for unemployment compensation.

KRS 341.370(1) provides in pertinent part that [a] worker shall be disqualified from receiving benefits for the duration of any period of unemployment with respect to which: ... (b) He has been discharged for misconduct or dishonesty connected to his most recent work...." In KRS 341.370(6), "'discharge for misconduct' ... shall include, but not be limited to separation initi-ated by an employer...." Following the quoted portion of KRS 371.370(6) is a list of examples of what might constitute misconduct.

The commission points out that the legislative purpose in enacting the unemployment compensation act was "to provide benefits only for those employes who have been forced to leave their employment because of forces beyond their control and not because of any voluntary act of their own." *Kentucky Unemployment Insurance Commission v. Kroehler Manufacturing Company*, Ky., 352 S.W.2d 212, 214 (1961). The commission argues that the appellees' conduct resulted in their suspension and thus, to award them benefits would be contrary to the intention of the legislature.

To reach the conclusion argued by the commission, we would have to decide that the term "discharge for misconduct," defined as "separation" from employment in KRS 341.370(6) also includes suspension. In other words, the commission's position requires that "separation" from employment and "suspension" from employment be interpreted as equivalent phrases.

When there is no specific statutory definition, words of a statute shall be construed according to their common and approved usage. *Claude N. Fannin Wholesale Co. v. Thacker*, Ky.App., 661 S.W.2d 477 (1983); KRS 446.080(4). A suspension does not commonly mean a separation from employment. Rather, during a suspension, employment with the employer continues.

In addition, the courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or a wholly unreasonable result. *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984). To construe separation from employment as not including a suspension will not produce an absurd or wholly unreasonable result. While the commission indicates that its position is a better policy, the courts cannot ignore the plain meaning of a statute simply because another meaning might be considered to be a better policy.

*Board of Education of Nelson County v. Lawrence,* Ky., 375 S.W.2d 830 (1963).

Under KRS 341.350(8), "the conditions of benefit disqualifications imposed by KRS 341.370 shall be strictly construed." "Strict construction" demands a refusal "to extend [the] import of [the] words used." *Mutual Life Ins. Co. of New York v. Bryant,* 296 Ky. 815, 177 S.W.2d 588, 592 (1943). The word "suspension" is not used in KRS 341.070 and the language used cannot be said to import that term. Any grafting of the term "suspension" into KRS 341.370 must be done by the legislature and not this Court.

The judgment is affirmed.

All concur.