**In re Michael W. JOHNSON, Debtor, and Robin Browning Brock, Trustee**

v.

**BRANCH BANKING AND TRUST COMPANY.**

No. 2009–SC–000319–CL.

Supreme Court of Kentucky.

June 17, 2010.

Carole M. Friend, Friend and Associates, PSC, Georgetown, KY, Counsel for Robin Browning–Brock, Trustee.

Christopher A. Conley, James H. Moore, III, Campbell, Woods, PLLC, Ashland, KY, Counsel for Branch Banking and Trust Company.

Opinion of the Court by Justice VENTERS.

Pursuant to CR 76.37(1), this Court granted the certification request of the Sixth Circuit Court of Appeals to answer the following question of Kentucky law:

> In order to perfect a security interest on a motor vehicle in Kentucky, does the KRS require physical notation on the actual certificate of title as ultimately issued by the county clerk, or is perfection accomplished as and when the required paperwork and fee are submitted to the county clerk? In other words, does K.R.S. (sic) 186A.195(5), like § 186A.190, define the acts necessary for perfecting a security interest in a motor vehicle, or is § 186A.195(5) designed to operate only as a timing provi-

sion for purposes of determining priority among creditors?

For the reasons stated below, we conclude that under Kentucky law, final perfection of a vehicle lien does not occur until physical notation is made on the title pursuant to KRS 186A.190, and, accordingly, perfection is not accomplished as and when the required paperwork and fee are submitted to the county clerk. KRS 186A.195(5), on the other hand, while it does address initiation of the perfection process, is designed primarily as a timing mechanism for establishing priority among creditors. Compliance alone with the acts set forth therein does not accomplish perfection.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2005, Michael W. Johnson purchased and took possession of a 2005 Dodge Ram pickup truck from Jeep & Suzuki Auto World of Big Stone Gap, Virginia. To finance this purchase Johnson executed an installment sales contract and security agreement, which was assigned to Branch Banking and Trust Company (BB & T). Auto World mailed a title lien statement, application for certificate of title, and requisite fees by certified mail to the Letcher County Clerk's office, which was received on February 22, 2005. For unknown reasons, the clerk's office did not stamp the documents as received or upload the data into the Automated Vehicle Identification System (AVIS) database for recordation until March 7, 2005. The Commonwealth of Kentucky Transportation Cabinet issued a certificate of title for the truck on March 25, 2005. The title notates March 7, 2005, as the filing date for BB & T's lien.

On May 11, 2005, Johnson filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern

District of Kentucky, Pikeville Division. Subsequently, Robin Browning Brock, as Trustee in Johnson's bankruptcy proceeding, initiated an adversary case in the Bankruptcy Court seeking to avoid BB & T's lien on the pickup truck as being a preferential transfer as defined under 11 U.S.C. § 547(b). BB & T responded that its lien fell within the safe-harbor exception to a preferential transfer claim as contained in 11 U.S.C. § 547(c)(3), which protects a lien perfected within twenty days of the debtor taking possession of the property.

The Bankruptcy Court found in favor of BB & T, but the United States Bankruptcy Appellate Panel for the Sixth Circuit reversed. *See In re Johnson,* 380 B.R. 455 (6th Cir. BAP 2007). Appeal was then taken by BB & T to the Sixth Circuit Court of Appeals. In light of the conflicting statutory provisions addressing perfection of a vehicle lien contained in KRS Chapter 186A, the Sixth Circuit certified the question of law, as stated above, to this Court.

## DISCUSSION

Restated, the question we are asked to address is: "when does a vehicle lien become perfected under the provisions of KRS Chapter 186A?"

■ KRS Chapter 186A does not contain a definition for "perfection." [1] Nor does KRS Chapter 355, which codifies the Commonwealth's version of the Uniform Commercial Code. *See* KRS 355.9–102 (definitions relating to secured transactions); KRS 355.1–201 (general definitions). Where no specific definition is provided for terms contained in a statute,

Kentucky law instructs that "words of a statute shall be construed according to their common and approved usage.... In addition, the courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Holbrook v. Kentucky Unemployment Ins. Com'n,* 290 S.W.3d 81, 86 (Ky.App.2009) (quoting *Kentucky Unemployment Ins. Com'n v. Jones,* 809 S.W.2d 715, 716 (Ky.App.1991)); KRS 446.080(4).

The noun "perfection" is defined as "[v]alidation of a security interest as against other creditors, us[ually] by filing a statement with some public office or by taking possession of the collateral." Black's Law Dictionary 1173 (8th ed.2004). The verb "to perfect" is defined as "[t]o take all legal steps needed to complete, secure, or record (a claim, right, or interest); to provide necessary public notice in final conformity with the law." *Id.*

■ As further discussed below, KRS 186A.190 and KRS 186A.195(5) contain what may reasonably be construed as contradictory language concerning when a vehicle lien is perfected. In light of the conflicting statutory provisions, our duty is to construe the statutes so as to ascertain and give effect to the intent of the General Assembly. In determining legislative intent, we must refer to the language of the statute and are not at liberty to add or subtract from the legislative enactment or interpret it at variance from the language used. *Stogner v. Commonwealth,* 35 S.W.3d 831, 834 (Ky.App.2000). "When the words of a statute 'are clear and unambiguous and express legislative intent,

---

1. While we are directed by the parties to the definition of "perfection" as relevant to federal bankruptcy proceedings, we are asked to answer the certified question under state law—not to answer the question by reference to the Bankruptcy Code. We accordingly do not rely upon the Code's specialized definition of perfection.

there is no room for construction or interpretation and the statute must be given effect as written.' " *White v. Check Holders, Inc.,* 996 S.W.2d 496, 497 (Ky.1999) (quoting *McCracken County Fiscal Court v. Graves,* 885 S.W.2d 307, 309 (Ky.1994)).

With the foregoing principles in mind, we now turn to the language of KRS 186A.190 and KRS 186A.195(5). We first consider KRS 186A.190. KRS 186A.190 provides, in relevant part, as follows:

(1) Except as provided in subsection (4) of this section and in KRS 355.9–311(4), *the perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title.* The notation of the security interest on the certificate of title shall be in accordance with this chapter and shall remain effective from the date on which the security interest is noted on the certificate of title for a period of seven (7) years. . . .

. . . .

(2) . . . the notation of security interests relating to property required to be titled in Kentucky through the county clerk shall be done in the office of the county clerk of the county in which the debtor resides. . . .

. . . .

Notwithstanding the existence of any filed financing statement under the provisions of KRS Chapter 355 relating to any property registered or titled in Kentucky, *the sole means of perfecting and discharging a security interest in property for which a certificate of title is required by this chapter is by notation on the property's certificate of title* under the provisions of this chapter. . . . In other respects the security interest is governed by the provisions of KRS Chapter 355.

(emphasis added).

The plain language of KRS 186A.190 unambiguously establishes that the "sole means" of perfecting a security interest in a vehicle in Kentucky is by notation of the lien on the vehicle's certificate of title. Constrained by the obligation to interpret the language as written, we conclude that perfection does not occur until the lien is noted on the title certificate. If notation on the certificate of title is the *sole means* of perfection, it follows that the tendering of fees and submission of paperwork under the procedures of KRS 186A.195(5) do not alone accomplish perfection.

Our interpretation of KRS 186A.190 is strengthened because it harmonizes with the language of KRS 186A.195(5). KRS 186A.195(5), provides as follows:

The security interest *noted on the certificate of title* shall be deemed perfected at the time the security interest attaches (KRS 355.9–203) if the secured party tenders the required fees and submits a properly completed title lien statement and application for first title . . . to the appropriate county clerk within twenty (20) days of attachment. Otherwise, the security interest shall be deemed perfected at the time that such fees are tendered and such documents are submitted to the appropriate county clerk.

(emphasis added).

The interpretation of the KRS 186A.195(5) urged upon us by BB & T (that KRS 186A.195A provides the time of perfection) fails to give effect to the statutory language limiting its effect to "[t]he security interest noted on the certificate of title[.]"

Under the language contained in the first sentence of KRS 186A.195(5), it is the security interest *noted on the certificate of title* that is deemed perfected as of the

date the security interest attached[2] if the required paperwork and fees were filed within twenty days of attachment. By the statute's plain language, this requires that there be notation on the title before the retroactivity provisions become operative. As such, perfection cannot be said to occur until notation, though when notation does occur, the perfection may then be deemed to have occurred at an earlier date.[3] In this vein, if the title is never issued, or if the title is erroneously issued without notation, perfection does not occur, which is a further reason why our interpretation is compelled.

It should be noted that our construction of KRS 186A.190 and KRS 186A.195(5) produces a result consistent with prior law addressing the perfection of a security interest in a vehicle. *See General Motors Acceptance Corp. v. Hodge,* 485 S.W.2d 894 (Ky.1972) (Failure of county court clerk to note automobile finance company's lien on registration receipt issued to person who sold automobile to defendant rendered the lien unenforceable against defendant who purchased the automobile without notice of the lien); *Kentucky Finance Co. v. Spradlin,* 717 S.W.2d 843 (Ky.App.1986) (Secured creditor who relied upon debtor's certificate of title, without knowledge debtor had forged county clerk's name in order to deceive creditor as to existence of prior lien, was entitled to rely upon certificate for perfection and priority). Moreover, our interpretation is consistent with the result previously reached by the Court of Appeals under current law in *Hiers v. Bank One,* 946 S.W.2d 196, 198 (Ky.App.

1996) (KRS 186A.190(2) and KRS 355.9–302(3) clearly and unambiguously provide that, as to any property for which a certificate of title is required by KRS Chapter 186A, a security interest in that property may be perfected or discharged only by a notation in that vein on the certificate of title.)

■ In summary, under Kentucky law, perfection of a vehicle lien does not occur until physical notation is made on the title pursuant to KRS 186A.190, and, accordingly, perfection is not accomplished as and when the required paperwork and fee are submitted to the county clerk. KRS 186A.195(5), while it does address initiation of the perfection process, is designed primarily as a timing mechanism for establishing priority among creditors under which perfection may be deemed to have occurred prior to notation on the title.

The law is hereby certified to the Sixth Circuit Court of Appeals.

MINTON, C.J., ABRAMSON, SCHRODER and SCOTT, JJ., concur. NOBLE, J., dissents by separate opinion in which CUNNINGHAM, J., joins.

NOBLE, J., Dissenting:

Respectfully, I dissent.

I believe the majority view misreads the statutes at issue in this certification of law question from the Sixth Circuit. First, it is not clear on which date perfection would occur, either by operation of law or fact, under the majority's view, though I think

2. "A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral...." KRS 355.9–203(1).

3. Similarly, while the second sentence of KRS 186A.195(5) refers simply to "the security interest," in context, it must, like the first sentence, be read to mean "the security interest noted on the certificate of title." Thus, for filings with the clerk more than twenty days after attachment, as previously explained, perfection of the lien does not occur until title notation, at which time perfection would be deemed retroactive to the time of the submission of the paperwork and tendering of fees with the county court clerk.

the statutes are clear as to when perfection, as a matter of law, occurs. I also do not agree that KRS 186A.195 was enacted primarily to deal with priorities among multiple liens, but I believe it is instead a general timing statute, applicable to any question about timing of perfection in titled vehicles, including the question presented in this case.

Chapter 186A is named the "Automated Motor Vehicle Registration System." Because Kentucky has chosen to use an efficient, automated method of requesting and issuing vehicle titles (the Automated Vehicle Identification System, commonly called AVIS), certain timing issues inherent in the use of an automated system require the legislature to draft accordingly, and outside the Uniform Commercial Code, Chapter 355 of the Kentucky Revised Statutes.

Using the automated title system creates a timing problem that the legislature recognized would impact vehicle sales under the Uniform Commercial Code. This problem manifests itself through the necessity of having a clerk log the requisite documents into AVIS, and the inability to fine tune input into AVIS that adequately covers the nuances of commercial sales law. To harmonize with the commercial code, the legislature enacted KRS 186A.195 to allow perfection to occur as it normally would, but for the timing problems inherent in using an automated system such as AVIS.

KRS 186A.190 establishes *how* "the perfection and discharge of a security interest" in titled property must be established: "by notation on the certificate of title," which "shall be in accordance with this chapter." The latter language, however, is a flag to indicate that other provisions in the chapter come into play. This statute standing alone does not say anything about *when* a security interest is perfected. That is left to KRS 186A.195.

KRS 186A.195 is not specifically about priorities. By its heading, it purports to govern "perfection of a security interest." At subsection (5), the statute deals with *time*, and states that the security interest noted on the title "shall be *deemed* perfected at the time the security interest *attaches*," (emphasis added), as defined by KRS 355.9–203. That statute says the security interest attaches when it is enforceable against the debtor: when value is given, the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party, and the debtor has authenticated a security agreement that provides a description of the collateral. *See* KRS 355.9–203(2). Ordinarily, this occurs upon the debtor's entry into a valid contract for purchase of the vehicle and taking possession of the vehicle.

However, KRS 186A.195(5) also adds the requirement that the secured party must have *tendered* the required fees and *submitted* a properly completed title lien statement and application for first title if the vehicle is new, or the certificate of title if it is used, before the date of attachment can be deemed to be the date of perfection. Thus, *when* the perfection occurs is determined in part based on completion of the elements listed in KRS 186A.195(5). That certainly will be a date earlier than the date on which the Department of Transportation actually makes a notation on the title. These steps listed in this statute all precede the submission of a request for title through AVIS by the county clerk.

Usually, the county clerk submits the title request to AVIS the day the above documents are filed by the lienholder, and that is the date shown on the title for perfection. But when the clerk delays, as happened here, the date on the title will come back from AVIS showing the date

the clerk logged the documents into AVIS, which will be different than when the security interest attached. This is where the operation of KRS 186A.195(5) comes into play.

If everything has been tendered to the clerk within 20 days of attachment, by operation of law perfection will be *deemed* to have occurred as of the date of attachment. This date is readily ascertainable from the documents tendered.

If the title lien statement and application for first title or title are filed and the appropriate fees are paid after 20 days, then perfection will be *deemed* to have occurred "at the time" all three have been *tendered* to the county clerk. It is notable that the legislature did not state that the operative date was when the clerk filed the documents into AVIS, but rather when the materials were actually given to the clerk.

Thus there is no conflict between KRS 186A.190 and KRS 186A.195(5). Indeed, the latter statute complements the first, and establishes the date of perfection (when) as the date of attachment when all necessary items are tendered to the clerk. However, I agree with the majority that before a proper time of perfection can be established, there must be a notation of perfection on the title itself. That is because notation of perfection *will not* occur until the fees have been paid, and the lien statement and application for title, or title if the vehicle is used, have been tendered to the clerk, because the clerk will not input anything into AVIS until then. The date used in the notation of title will be an adequate notation that there actually is perfection.

Consequently, the notation of perfection date on the title will be the date the clerk enters the necessary documents into the AVIS system. However, the *legal* date of perfection will be deemed to be either the date of attachment if documents are tendered within 20 days of attachment or the date all documents are actually tendered if after 20 days of the date of attachment. Thus while the date noted on the title will probably not be the *legal* date of perfection, it is necessary that it be done so that the legal date of perfection can be fixed.

In situations such as this one, KRS 186A.195(5) determines the legal date of perfection. Naturally, it would also answer questions of priority regarding titled vehicles, as it fixes the time of perfection, but that is not an issue in this case.

CUNNINGHAM, J., joins.