RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0193p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re: MICHAEL W. JOHNSON,

                 *Debtor.*

———————————————————

ROBIN BROWNING BROCK,

            *Plaintiff-Appellee,*

   *v.*

BRANCH BANKING AND TRUST COMPANY,

          *Defendant-Appellant.*

No. 08-5088

> On Appeal from the Bankruptcy Appellate
> Panel for the Sixth Circuit.
> No. 05-70411—William S. Howard, Bankruptcy Judge.
>
> Argued: January 15, 2009
>
> Decided and Filed: July 2, 2010

Before: BATCHELDER, Chief Judge; SUHRHEINRICH and SUTTON, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Christopher A. Conley, CAMPBELL WOODS, PLLC, Ashland, Kentucky, for Appellant. Carole M. Friend, FRIEND & ASSOCIATES, Georgetown, Kentucky, for Appellee. **ON BRIEF:** Christopher A. Conley, CAMPBELL WOODS, PLLC, Ashland, Kentucky, for Appellant. Carole M. Friend, FRIEND & ASSOCIATES, Georgetown, Kentucky, for Appellee.

_____

## OPINION

_____

SUHRHEINRICH, Circuit Judge. Defendant Branch Banking and Trust Company ("BB&T") appeals the order of the Bankruptcy Appellate Panel ("BAP") ruling in favor of Plaintiff Robin Browning Brock, Trustee. The BAP held that because perfection of BB&T's

1

security interest did not occur within 20 days of the Debtor's receiving a new pick up truck secured by BB&T, the enabling loan exception of 11 U.S.C. § 547(c)(3) was not available to protect BB&T's interest from avoidance as a preferential transfer. Having received the Kentucky Supreme Court's response to a question we certified regarding when a vehicle lien becomes perfected under Kentucky law, we now AFFIRM.

**I.**

The parties stipulated to the relevant facts before the United States Bankruptcy Court ("BC"). The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") summarized them as follows:

> The relevant facts were stipulated before the bankruptcy court. On February 8, 2005, Michael W. Johnson ("Debtor") purchased a 2005 Dodge Ram pickup truck from Jeep & Suzuki Auto World of Big Stone Gap, Virginia and executed an installment sales contract and security agreement with Branch Banking & Trust Co. ("BB & T") to finance the purchase. That same day, the Debtor took possession of the truck. On February 17, 2005, Jeep & Suzuki Auto World mailed a title lien statement, application for certificate of title, and required fees to the Letcher County, Kentucky clerk's office by certified mail, return receipt requested. The Letcher County clerk received the mailed documents and fees on February 22, 2005, as indicated by the signed return receipt. However, the clerk did not stamp the documents as received and upload BB & T's lien for recordation until March 7, 2005, almost two weeks later. On March 25, 2005, the Commonwealth of Kentucky Transportation Cabinet issued the appropriate certificate of title, reflecting notation of BB & T's lien on March 7, 2005.
>
> Less than 90 days later, on May 11, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, Robin Browning Brock, the chapter 7 trustee ("Trustee"), filed a complaint to avoid the lien of BB & T as a preferential transfer. Upon cross motions for summary judgment, the bankruptcy court granted summary judgment in favor of BB & T and dismissed the complaint with prejudice. The Trustee subsequently moved to alter or amend the judgment, but the court denied the motion. The Trustee then timely appealed.

*Brock v. Branch Banking & Trust (In re Johnson)*, 380 B.R. 455, 458-59 (B.A.P. 6th Cir. 2007) (footnote omitted).

The BC judge concluded that the perfection occurred on February 22, 2005, when the county clerk received the required paperwork and fee. The BAP majority disagreed,

holding that perfection did not occur until March 7, 2005, when the security interest was actually noted on the certificate of title. *See In re Johnson*, 380 B.R. at 465, 467. One BAP judge dissented.

BB&T then filed this appeal.

## II.

The Bankruptcy Code provides that a bankruptcy trustee may avoid certain transfers of interest in property that occur on or within the 90 days preceding the filing date of the bankruptcy petition, subject to certain exceptions. 11 U.S.C. § 547(b), (c). One such exception, the "enabling loan exception," protects a purchase money security interest if the security interest is perfected within a certain number of days after the debtor receives possession of the collateral. 11 U.S.C. § 547(c)(3). For purposes of the Bankruptcy Code, the acts necessary to perfect the security interest are determined by state law.

At issue in this case is whether a security interest in a motor vehicle is perfected under Title XVI, Chapter 186A of the Kentucky Revised Statutes ("KRS") during the time between an applicant's submission of the required paperwork and fee to the county clerk and the actual notation of the security interest on the certificate of title. Two provisions of the KRS - - one providing for perfection once the county clerk receives the required paperwork and fee, *see* KRS § 186A.195(5), and the other providing that perfection occurs only upon actual notation upon the certificate of title, *see* KRS § 186A.190 - - appear inconsistent.

The question matters in this case because the county clerk received BB&T's application materials on February 22, 2005, which was within 20 days after the security interest attached. However, the county clerk did not process the application and note the security interest on the certificate of title until March 7, 2005, outside the 20-day window for enabling loan protection.

Thus, we certified the following question to the Kentucky Supreme Court:

In order to perfect a security interest on a motor vehicle in Kentucky, does the KRS require physical notation on the actual certificate of title as ultimately issued by the county clerk, or is perfection accomplished as and when the required paperwork and fee are submitted to the county clerk? In other words, does KRS 186.A195(5), like § 186A.190, define the acts necessary for perfecting a security interest in a motor vehicle, or is

§ 186A.195(5) designed to operate only as a timing provision for purposes of determining priority among creditors?

The Kentucky Supreme Court restated the issue as follows: "[T]he question we are asked to address is: 'when does a vehicle lien become perfected under the provisions of KRS Chapter 186A?'" Construing the two provisions to give effect to the intent of the Kentucky Legislature, the Kentucky Supreme Court concluded that

> under Kentucky law, final perfection of a vehicle lien does not occur until physical notation is made on the title pursuant to KRS 186A.190, and, accordingly, perfection is not accomplished as and when the required paperwork and fee are submitted to the county clerk. KRS 186A.195(5), on the other hand, while it does address initiation of the perfection process, is designed primarily as a timing mechanism for establishing priority among creditors. Compliance alone with the acts set forth therein does not accomplish perfection.

*Johnson v. Branch Banking & Trust Co.*, – S.W.3d –, 2010 WL 2470849, at *1 (Ky. June 17, 2010).

The Kentucky Supreme Court's reasoning is detailed in its opinion, which we incorporate by reference here. *See id.*

With this answer in mind, we uphold the BAP's conclusion that perfection of BB&T's lien did not occur until March 7, 2005, when the security interest was actually noted on the certificate of title.

We therefore **AFFIRM** the BAP's holding that, because perfection did not occur within 20 days after Debtor received possession of the truck, the enabling loan exception of 11 U.S.C. § 547(c)(3) did not protect BB&T's interest from avoidance as a preferential transfer.