ELECTRONIC CITATION:  2012 FED App. 0006P (6th Cir.)
File Name:  12b0006p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re:   WILLIAM W. PIERCE, JR.,                    )
                                                    )
            Debtor.                                 )
                                                    )
_____            )
                                                    )
VANDERBILT MORTGAGE AND                             )
FINANCE, INC.,                                      )
                                                    )    No. 11-8065
            Appellant,                              )
                                                    )
            v.                                      )
                                                    )
MAXIE E. HIGGASON, JR.,                             )
CHAPTER 7 TRUSTEE,                                  )
                                                    )
            Appellee.                               )
                                                    )
_____            )
                                                    )

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Bankruptcy Case No. 10-61119
Adversary Proceeding No. 11-6008

Argued April 23, 2012

Decided and Filed: June 1, 2012

Before: FULTON, HARRIS, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ARGUED:**  John P. Brice, Lexington, Kentucky, for Appellant.  Michael B. Baker, THE BAKER FIRM, PLLC, Florence, Kentucky, for Appellee. **ON BRIEF:**  John P. Brice, Lexington, Kentucky, for Appellant.  Michael B. Baker, THE BAKER FIRM, PLLC, Florence, Kentucky, for Appellee.

---

## OPINION

---

THOMAS H. FULTON, Bankruptcy Appellate Panel Judge. Vanderbilt Mortgage and Finance, Inc. ("Appellant") appeals the grant of summary judgment by the U.S. Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court") to Maxie E. Higgason, Jr., Chapter 7 Trustee ("Appellee") for Debtor William W. Pierce, Jr. ("Debtor"), which avoids Appellant's lien on Debtor's manufactured home under 11 U.S.C. § 544.

## ISSUES ON APPEAL

Although Appellant ostensibly raises five issues on appeal, those issues essentially boil down to one question: Under the Kentucky Revised Statutes, is a security interest in a manufactured home perfected where the secured party obtained notation of its lien on the certificate of title by filing a title lien statement in a county other than that of the debtor's residence?[1]

---

[1]Appellant states that the issues are as follows:

> 1. Whether the Bankruptcy Court erroneously decided that a security interest noted on a certificate of title is not validly perfected under Kentucky law?
> 2. Whether the filing of a title lien statement in a county other than the debtor's principal residence invalidates the perfection of a security interest noted on a certificate of title?
> 3. Whether a security interest noted on a certificate of title is perfected under Kentucky law regardless of any defect in the filing of the title lien statement?
> 4. Whether the Commonwealth of Kentucky is entitled to establish and enforce the procedures by which security interests are perfected in manufactured homes?
> 5. Whether the Bankruptcy Court's utilization of 11 U.S.C. § 544 to void a security interest noted on a certificate of title violates the Tenth Amendment to the Constitution of the United

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "BAP") has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the BAP.

For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). A grant of summary judgment constitutes a final and appealable order. *Palmer v. Washington Mut. Bank (In re Ritchie)*, 416 B.R. 638 (B.A.P. 6th Cir. 2009).

The issue raised in this appeal is an issue of law and, therefore, is to be reviewed *de novo*. *See Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460 (6th Cir. 2010) (statutory interpretation and application reviewed *de novo*). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*,

---

States of America?

These questions in different ways all ask the Panel to determine whether the Bankruptcy Court correctly applied the provisions of the Kentucky Revised Statutes governing perfection of security interests in manufactured homes. Appellant's Tenth Amendment argument, in particular, begs the question as to whether the Bankruptcy Court properly interpreted Kentucky state law. "[A] federal court upholds, rather than disrupts, Kentucky's statutory regime when it interprets a Kentucky law to mean what its words say. Federal bankruptcy courts apply state law to determine if a creditor has perfected a security interest...." *Westenhoefer v. Vanderbilt Mortg. & Fin., Inc. (In re Epling)*, 2011 WL 4356358 (E.D. Ky. 2011) at *4 (citing *Stellwagen v. Clum*, 245 U.S. 605, 613 (1918)).

338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citation omitted). "No deference is given to the trial court's conclusions of law." *Id*. (citations omitted)**.**

## FACTS

The facts are not in dispute. In April of 2007, Debtor purchased a manufactured home (the "Manufactured Home") from Clayton Homes of Corbin, Kentucky ("Clayton Homes"), borrowing the funds from Appellant. To secure repayment of the loan, Debtor granted a security interest in the Manufactured Home to Appellant.

Appellant filed an application for first title and a title lien statement with the Whitley County, Kentucky, County Clerk. Clayton Homes is located in Whitley County. Debtor resided at the time in Laurel County, Kentucky.

At some point thereafter,[2] the Commonwealth of Kentucky Transportation Cabinet issued a Certificate of Title for the Manufactured Home, which identified Appellant as "First Lienholder" and described the "First Lien" as follows:

|  |  |
| --- | --- |
| Notation No. | County |
| 7001811 | WHIT |
| | |
| Filing Date   04-30-07 | |

On July 15, 2010, Debtor filed his voluntary Chapter 7 bankruptcy petition. Appellee was appointed Chapter 7 Trustee and, on February 28, 2011, initiated the adversary proceeding that is

---

[2]Only a duplicate Certificate of Title issued on February 16, 2011, has been placed into the record. Although the Bankruptcy Court cited Appellant's failure to submit the original Certificate of Title as an independent ground for avoiding Appellant's lien–*i.e.*, failure to provide basic proof of perfection of its lien prior to Debtor's petition–the parties do not dispute that the original Certificate of Title identified Appellant as a lienholder.

the subject of this appeal (the "Adversary Proceeding"). The Adversary Proceeding sought to, among other things, avoid Appellant's lien on the Manufactured Home under 11 U.S.C. § 544.

Appellant and Appellee filed cross-motions for summary judgment in the Adversary Proceeding, and on September 20, 2011, the Bankruptcy Court granted Appellee summary judgment, concluding that Appellant had failed to perfect its lien against the Manufactured Home because it had filed the required title lien statement in Whitley County rather than Laurel County. Appellant timely appealed the Bankruptcy Court's decision.

**DISCUSSION**

The parties agree that the sole means for perfecting a security interest in property requiring a certificate of title "is by notation of the lien on the [property's] certificate of title." *Johnson v. Branch Banking and Trust Co.*, 313 S.W.3d 557, 560 (Ky. 2010). The Bankruptcy Court concluded, and Appellee asserts here, that Appellant's security interest in the Manufactured Home was unperfected at the time of Debtor's petition despite notation of Appellant's lien on the certificate of title because the proper procedure had not been followed in obtaining that notation. In other words, the notation was not "in accordance with this chapter" (*i.e.*, KRS Ch. 186A) because the notation had been made following submission of a title lien statement to the Whitley County Clerk rather than the clerk of the county of Debtor's residence, Laurel County.

Appellant asserts that its lien was perfected when noted on the certificate of title even if Appellant did not follow proper procedure to obtain the notation–*i.e.*, even if the Whitley County Clerk mistakenly caused the notation to be placed on the certificate. Appellant alternatively asserts that it in fact followed proper procedure in obtaining the notation because Kentucky has a two-track system for obtaining notation, one for new property for which a certificate of title has never been issued and a separate one for property for which a certificate of title has previously been issued.

Although the Kentucky Supreme Court has considered the issue of when a lien is perfected under KRS Ch. 186A, concluding that perfection is not complete until the lien is noted on the certificate of title, it has not directly addressed whether perfection is achieved where the notation was obtained despite a filing deficiency. *See Johnson*, 313 S.W.3d at 560 (including citations to prior cases where liens either were not noted or were incorrectly noted as released). It has also not addressed whether KRS Ch. 186A in fact creates a two-track notation system as asserted by Appellant. To decide the merits of this appeal, then, the Panel must determine "how that court would rule if it were faced with the issue." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). In doing so, the Panel "may use the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority' rule in making its determination." *Id.* (citing *Grantham & Mann v. American Safety Prods.*, 831 F.2d 596, 608 (6th Cir. 1987)).

KRS 186A.190 governs the perfection of security interests in "certificate of title" property such as motor vehicles and manufactured homes. It states in pertinent part as follows:

> (1)    ....the perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title. *The notation of the security interest on the certificate of title shall be in accordance with this chapter* and shall remain effective from the date on which the security interest is noted on the certificate of title....
>
> (2)    ....the notation of security interests relating to property required to be titled in Kentucky through the county clerk *shall be done in the office of the county clerk of the county in which the debtor resides....*
>
> ....
>
> (6)    In noting the security interest upon a certificate of title, the county clerk shall ensure that the certificate of title bears the lienholder's name, mailing address and zip code, the date the lien was noted, the notation number, and the county in which

-6-

the security interest was noted. The clerk shall obtain the information required by this subsection for notation upon the certificate of title from the *title lien statement described in KRS 186A.195* to be provided to the county clerk by the secured party.

....

(Emphasis added.)

KRS 186A.195 states as follows:

(1) As used in this chapter, a *title lien statement is a document to be submitted by the secured party to the county clerk*. Upon submission of the title lien statement, the county clerk shall use the information contained therein to note the security interest on the certificate of title....

(2) If a title lien statement and the required fees accompany the application for first title of any property in the name of an owner, the county clerk shall enter the information required by KRS 186A.190(6) into the automated system so as to produce a certificate of title in Frankfort bearing in addition to any other required information, the information designated by KRS 186A.190(6). The clerk shall thereby produce, in accordance with design of the automated system, a certificate of registration, if required.

(3) If a title lien statement and the required fees are not received at the time of application for first title of any property in the name of the owner *due to the owner's residency in another county*, or if the form prescribed by KRS 186A.060 indicates a pending lien but the title lien statement does not accompany the application for title, *the county clerk shall enter into the Automated Vehicle Information System (AVIS) the name and address of the lienholder and the county where the lien is to be noted or that a lien is pending. The clerk shall indicate a title is not to be issued until the lien has been noted and fees, according to KRS 186A.190, paid in the county of the owner's residence or in thirty (30) days.* The county shall then issue the registration. The *county clerk in the county of the owner's*

*residence shall, after receiving the title lien statement* and fees contained in KRS 186A.190, *enter into the Automated Vehicle Information System (AVIS) the date of lien notation and the notation number, thus enabling the system to produce the title in Frankfort.*

....

(5)     The security interest noted on the certificate of title shall be deemed perfected at the time the security interest *attaches (KRS 355.9-203) if the secured party tenders the required fees and submits a properly completed title lien statement and application for first title* or, in the case of property previously titled in the name of its debtor, the certificate of title *to the appropriate county clerk within twenty (20) days of attachment. Otherwise, the security interest shall be deemed perfected at the time that such fees are tendered and such documents are submitted to the appropriate county clerk.*

(Emphasis added.)

Appellant's argument is based in large part upon the following provisions of KRS 186A.120:

(1)     Application for a first certificate of registration or title and plate, shall be made by the owner to the county clerk of the county in which he resides, except that, if a vehicle is purchased from a dealer other than in the county in which the purchaser for use resides, the purchaser, or the dealer on behalf of the purchaser, may make application for *registration* to the county clerk in either the county in which the purchaser resides, or in the county in which the dealer's principal place of business is located.

(2)     (a)     When purchaser of a vehicle upon which a lien is to be recorded is a resident of a county other than that of the dealer, the application for *registration or title* may be made to the county clerk in either county. *The lien must be recorded in the county of the purchaser's residence.*

(b)     If the vehicle application for registration or title is presented to the county clerk of dealer's location rather than purchaser's residence, the clerk shall process documents in a manner to that of any application, *with the exception that the AVIS system shall be programmed in a manner that the title shall not be issued from Frankfort until the lien information has been entered by the county clerk of the purchaser's residence.*

....

(Emphasis added.)

The U.S. District Court for the Eastern District of Kentucky and the Bankruptcy Court have previously interpreted KRS Ch. 186A under substantially similar facts and rejected the basic position taken by Appellant here.[3] *See Epling*, 2011 WL 4356358, and *Palmer v. Vanderbilt Mortg. & Fin., Inc. (In re Walling)*, 2010 WL 5421148 (Bankr. E.D. Ky. 2010). The Panel finds both decisions well-reasoned and persuasive. The relevant statutory provisions are unambiguous, and a plain reading of the same leads to the conclusion that Appellant's lien is unperfected under Kentucky law. While the Panel believes that it would be unnecessarily duplicative to restate entirely the courts' analyses in *Epling* and *Walling*, a few points may be emphasized without treading too far down an already well-worn path.[4]

First, as noted in *Epling*,[5] the Kentucky Supreme Court in *Johnson* concluded that "perfection of a vehicle lien does not occur until physical notation is made on the title *pursuant to KRS 186A.190.*" *Johnson*, 313 S.W.3d at 561 (emphasis added). While to some extent *dicta*–the court in *Johnson* was focusing on when perfection occurred rather than if perfection occurred–this is

_____

[3]Appellant's argument here alleging a "two-track" lien notation system does not appear to have been addressed by the courts in *Epling* and *Walling*.

[4]Appellant is extremely familiar with this path as the losing party in both *Epling* and *Walling*.

[5]2011 WL 4356358 at *2.

consistent with a plain reading of the second sentence of KRS 186A.190(1)[6] and supports Appellee's position that obtaining title notation other than in the manner prescribed (*i.e.*, other than "in accordance with this chapter") renders that title notation insufficient to perfect the lien in question.

Second, setting aside Appellant's "two-track" argument for the moment, several provisions of KRS Ch. 186A, when read together, clearly contemplate that a secured creditor will apply for title lien notation by filing a "title lien statement" with the clerk of the debtor's county of residence and that only that county clerk will enter the information into the AVIS. *See* KRS 186A.190(2), (6); KRS 186A.195(1), (3); KRS 186A.120(2)(a), (b). Moreover, KRS 186A.195(5) supports Appellee's argument that, if the secured creditor fails to follow the correct procedure, the creditor's lien would be deemed unperfected until the creditor does so. "Otherwise, the security interest shall be deemed perfected at the time that such fees are tendered and such documents are submitted to the *appropriate county clerk*." KRS 186A.195(5) (emphasis added).

Third, Appellant overstates the applicability of prior Kentucky decisions in asserting that *Epling* and *Walling* are inconsistent with "settled" Kentucky law. Appellant cites cases in which the courts in question simply did not have to consider whether proper procedure had been followed in notation of liens on titles. *See State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626 (Ky. App. 1990), and *Hiers v. Bank One*, 946 S.W.2d 196 (Ky. App. 1996). Appellant also cites cases where the titles in question contained no lien notations and, therefore, the issue was whether the liens could be deemed perfected despite the lack of notation, not whether proper procedure had been followed in obtaining the notations. *See General Motors Acceptance Corp. v. Hodge*, 485 S.W.2d 894 (Ky. 1972), and *Kentucky Fin. Co. v. Spradlin*, 717 S.W.2d 843 (Ky. App. 1986) (title contained no lien notation because it had been mistakenly released by the county clerk upon receipt of a forged lien release). Appellant also mistakenly relies upon *Lincoln Bank & Trust Co. v. Queenan*, 344 S.W.2d 383 (Ky. 1961), which not only construed a prior version of the statute in

---

[6]"The notation of the security interest on the certificate of title *shall be in accordance with this chapter....*" KRS 186A.190(1) (emphasis added).

question here, but was primarily concerned with perfection of security interests in dealer inventory.

Appellant asserts alternatively that it in fact followed proper procedure in filing its title lien statement with the clerk of a county other than Debtor's county of residence. Appellant bases its argument on KRS 186A.120, which covers applications for initial title and registration for new property. KRS 186A.120(1) and (2) provide that, where the property is purchased by an end user who resides in a county other than the county of the seller's principal place of business, application for registration or title may be made in either the purchaser's county or the seller's county. Appellant essentially argues that this permission to apply for initial "title or registration" outside a debtor's county of residence amounts to permission also to apply for title lien notation in the seller's county.

In making the argument for a "two-track" system, Appellant also looks to the phrase "for which has been issued a Kentucky certificate of title" in the first sentence of KRS 186A.190(1) to distinguish circumstances where a certificate of title has already been obtained (*e.g.*, liens against older "used" property) from circumstances where the initial certificate of title has not been obtained (*e.g.*, purchase money liens against "new" property, as here). To bolster its argument for a two-track system further, Appellant also reads the phrase "if the secured party tenders the required fees and submits a properly completed title lien statement and application for first title" in KRS 186A.195(5) as if it is not modified by the phrase "to the appropriate county clerk" later in the same sentence.[7]

The Panel is not persuaded by Appellant's strained reading of KRS Ch. 186A. KRS 186A.120 only expressly addresses applications for certificates of title or registration, allowing them to be made in a county other than that of the property owner's residence. KRS 186A.120(2)(a). In stark contrast, it is silent as to whether title lien statements may be filed outside the county of the

---

[7]Thus, Appellant would have the provision read as if it said something like the following with respect to initial title applications: "The security interest noted on the certificate of title shall be deemed perfected at the time the security interest attaches if the secured party tenders the required fees and submits a properly completed lien statement and application for first title." As Appellant concedes, however, this is not how the Kentucky Supreme Court read that provision in *Johnson*. *See Johnson*, 313 S.W.3d at 560.

debtor's residence. Had the Kentucky General Assembly intended for title lien statements to be filed outside the county of the debtor's residence, it would have made that point explicit here. Indeed, the very next sentence states, "The lien must be recorded in the county of the purchaser's residence." *Id*. Appellant argues that recording a lien and submitting a lien to be recorded are two different things. The Panel believes, however, that the juxtaposition of these two sentences signals the Kentucky General Assembly's intention that title lien statements be filed in the county of the debtor's residence even if the initial application for certificate of title or registration is filed in another county under KRS 186A.120(2)(a).

## CONCLUSION

For the foregoing reasons, the Panel AFFIRMS the grant of summary judgment in favor of Appellee by the Bankruptcy Court.