RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0150p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

VANDERBILT MORTGAGE AND FINANCE, INC.,
*Defendant-Appellant*,

*v.*

JAMES R. WESTENHOEFER, Trustee for the
Bankruptcy Estate of Tanya Epling,
*Plaintiff-Appellee*.

No. 11-6216

_____

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 7:11-cv-106—Amul R. Thapar, District Judge.

Argued: March 8, 2013

Decided and Filed: May 28, 2013

Before: MOORE, SUTTON, and DONALD, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** John P. Brice, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellant. John M. Simms, ATKINSON, SIMMS & KERMODE PLLC, Lexington, Kentucky, for Appellee. **ON BRIEF:** John P. Brice, WYATT, TARRANT & COMBS, Lexington, Kentucky, for Appellant. John M. Simms, ATKINSON, SIMMS & KERMODE PLLC, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

BERNICE B. DONALD, Circuit Judge. James R. Westenhoefer, a Chapter 7 Trustee, brought a strong-arm proceeding against Appellant Vanderbilt Mortgage and Finance, Inc. (Vanderbilt) to avoid a lien claimed by Vanderbilt against Tanya Epling's manufactured home. Westenhoefer argued that Vanderbilt's lien was not properly perfected under Kentucky law. The bankruptcy court entered judgment in favor of

1

Westenhoefer, and Vanderbilt appealed to the district court. The district court affirmed, and Vanderbilt timely appealed.  We AFFIRM.

## I.

In April 2009, Tanya Epling purchased a manufactured home, borrowing the funds from Vanderbilt secured by a security interest in her manufactured home.  Epling resided in Magoffin County, Kentucky during all of the time relevant to this action. Vanderbilt filed an application for first title and an application for a title lien statement in Bell County, Kentucky.  Thereafter, Vanderbilt filed the Certificate of Title for the manufactured home, which listed Vanderbilt's lien, in Bell County.

On October 29, 2010, Epling filed a voluntary Chapter 7 bankruptcy petition. Westenhoefer was appointed Chapter 7 Trustee and, on February 15, 2011, initiated the adversary proceeding that is the subject of this appeal.  The strong-arm proceeding sought to avoid Vanderbilt's lien on the manufactured home, under 11 U.S.C. § 544, because the lien was not properly perfected under the Kentucky Revised Statutes.

The bankruptcy court granted Westenhoefer's motion for summary judgment, concluding that Vanderbilt had failed to perfect its lien against the manufactured home because it had filed the required title lien statement in its county of residence, rather than in Magoffin County–Epling's county of residence.  Vanderbilt timely appealed the bankruptcy court's decision to the district court.  The district court affirmed on the same grounds.  Vanderbilt timely appealed the district court's decision.

## II.

"In a case which comes to us from the bankruptcy court by way of an appeal from a decision of a district court, we review directly the decision of the bankruptcy court." *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002).  "We accord no deference to the district court's decision; we apply the clearly erroneous standard to the bankruptcy court's findings of fact, and we review *de novo* the bankruptcy court's conclusions of law." *Id.*  (citing *Stevenson v. J.C. Bradford & Co. (In re Cannon),* 277 F.3d 838, 849 (6th Cir. 2002)).

At the outset, we acknowledge that this is not Vanderbilt's first trip to the rodeo. Vanderbilt has made these same arguments before other courts. While experience is life's greatest teacher, Vanderbilt's experience yielded the same factual scenario, arguments, and case citations. As such, our analysis and reasoning is similar to that of prior courts, which Vanderbilt has asked to analyze this issue because we were dealt the same cards and our independent analysis has only revealed one way to play that hand. *See Vanderbilt Mortg. & Fin., Inc. v. Higgason (In re Pierce)*, 471 B.R. 876 (B.A.P. 6th Cir. 2012); *Palmer v. Vanderbilt Mortg. & Fin., Inc. (In re Walling)*, No. 10-51619, 2010 WL 5421148 (Bankr. E.D. Ky. Dec. 20, 2010); *Schlarman v. Fifth Third Bank (In re Sands)*, No. 07-21155, 2008 WL 4290949 (Bankr. E.D. Ky. Sept. 16, 2008).

The Kentucky Supreme Court has held that the notation of a lien on the property's Certificate of Title is the sole means of perfecting a security interest in property requiring a Certificate of Title. *See Johnson v. Branch Banking and Trust Co.*, 313 S.W.3d 557, 560 (Ky. 2010). Westenhoefer asserts that, despite notation of Vanderbilt's lien on the certificate of title, Vanderbilt's security interest in the manufactured home was not perfected at the time of Epling's petition because the title lien statement was filed in Bell County, rather than Magoffin County, the county of Epling's residence, in contravention of Chapter 186A of the Kentucky Revised Statutes. Vanderbilt asserts that its lien was perfected when the lien was noted on the Certificate of Title even if Vanderbilt did not follow proper procedure to obtain the notation.

Because the Kentucky Supreme Court has not directly addressed this issue, we must determine how the Kentucky Supreme Court would rule if it were faced with deciding whether perfection is achieved where the notation was obtained despite a filing deficiency. *See Vanderbilt Mortg. & Fin., Inc. v. Higgason (In re Pierce)*, 471 B.R. 876, 882 (B.A.P. 6th Cir. 2012) (citing *Johnson*, 313 S.W.3d at 560). To guide our analysis, we "may use the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority' rule in making this determination." *Id.* at 880 (citing *Grantham & Mann v. Am. Safety Prods*. 831 F.2d 596, 608 (6th Cir. 1987).

Section 186A.190 of the Kentucky Revised Statutes, which governs the perfection of security interests in motor vehicles and manufactured homes, states in pertinent part:

> (1) [T]he perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title. *The notation of the security interest on the certificate of title shall be in accordance with this chapter* and shall remain effective from the date on which the security interest is noted on the certificate of title for a period of seven (7) years, or, in the case of a manufactured home, for a period of thirty (30) years, or until discharged under this chapter and KRS Chapter 186. The filing of a continuation statement within the six (6) months preceding the expiration of the initial period of a notation's effectiveness extends the expiration date for seven (7) additional years.
>
> (2) [T]*he notation of security interests relating to property required to be titled in Kentucky through the county clerk shall be done in the office of the county clerk of the county in which the debtor resides.*
>
> (6) In noting a security interest upon a certificate of title, the county clerk shall ensure that the certificate of title bears the lienholder's name, mailing address and zip code, the date the lien was noted, the notation number, and the county in which the security interest was noted. *The clerk shall obtain the information required by this subsection for notation upon the certificate of title from the title lien statement described in KRS 186A.195 to be provided to the county clerk by the secured party.*

(emphasis added).

Section 186A.195 of the Kentucky Revised Statutes states in pertinent part:

> (1) As used in this chapter, *a title lien statement is a document to be submitted by the secured party to the county clerk.* . . .
>
> (3) If a title lien statement and the required fees are not received at the time of application for first title of any property in the name of the owner due to owner's residency in another county, or if the form prescribed by KRS16A.060 indicates a pending lien but the title lien statement does not accompany the application for title, the county clerk shall enter into the Automated Vehicle Information System (AVIS) the name and address of the lienholder and the county where the lien is to be noted or that a lien is pending. The clerk shall indicate a title is not to be issued until the lien has been noted and fees, according to KRS 186A.190, paid in the county

of the owner's residence or in thirty (30) days. The county clerk shall then issue the registration. The county clerk in the county of the owner's residence shall, after receiving the title lien statement and fees contained in KRS 186A.190, enter into the Automated Vehicle Information System (AVIS) the date of lien notation and the notation number, thus enabling the system to produce the title in Frankfort.

(5) The security interest noted on the certificate of title shall be *deemed perfected at the time the security interest attaches (KRS 355.9-203) if the secured party tenders the required fees and submits a properly completed title lien statement and application for first title or, in the case of property previously titled in the name of its debtor, the certificate of title to the appropriate county clerk within twenty (20) days of attachment. Otherwise, the security interest shall be deemed perfected at the time that such fees are tendered and such documents are submitted to the appropriate county clerk.*

(emphasis added).

Vanderbilt relies on the Kentucky Supreme Court case *Johnson v. Branch Banking and Trust Co.,* 313 S.W.3d 557 (Ky. 2010) to support its position that by simply noting its interest on the certificate of title, the lien is perfected pursuant to Section 186A.190 of the Kentucky Revised Statues. Vanderbilt's reliance is misplaced because *Johnson* held that "perfection of a vehicle lien does not occur until physical notation is made on the title *pursuant* to KRS 186A.190." *In re Pierce*, 471 B.R. 876, 882 (B.A.P. 6th Cir. 2012) (citing *Johnson*, 313 S.W.3d at 561) (emphasis in original). In actuality, *Johnson* focused on *when* perfection occurred rather than *whether* perfection occurred. *Id*. Nevertheless, Section 186A.190(1) of the Kentucky Revised Statues only makes a lien effective when it is noted on the certificate "in accordance with this chapter," and Section 186A.190(2) of the Kentucky Revised Statues requires that "*the notation of security interests. . . shall be done in the office of the county clerk of the county in which the debtor resides*." The plain meaning of this statutory language suggests that *only* a clerk in the debtor's county may note the creditor's lien on the certificate of title–rendering the lien in question perfected. Moreover, *Johnson*'s holding is consistent with our reading of Section186A.190 of the Kentucky Revised Statutes.

Vanderbilt also relies on several provisions of Section 186A of the Kentucky Revised Statutes to support its position that a clerk of court from any county can note a creditor's interests on a certificate of title and render the lien in question perfected. Our reading of these provisions suggests that a secured creditor must apply for a title lien notation by filing a "title lien statement" with the clerk of the debtor's county of residence and that only that county clerk may enter that information in AVIS. *In re Pierce*, 471 B.R. 876, 882 (B.A.P. 6th Cir. 2012). This reinforces Westenhoefer's argument that, if the secured creditor fails to meet Kentucky's requirements for perfection, the creditor's lien is unperfected. *See generally id.* (citing Ky. Rev. Stat. § 186A.195(5)). "Otherwise, the security interest shall be deemed perfected at the time that such fees are tendered and such documents are submitted to the appropriate county clerk." *Id.* (citing Ky. Rev. Stat. § 186A.195(5)).

Vanderbilt's strained reading of other Kentucky case law and superfluous citations fails to support its position. For example, Vanderbilt cites cases in which the Kentucky appellate courts considered which statutory provision governed the perfection of a mobile home if it is permanently affixed to real estate and the conversion of an automobile, respectively. *See Hiers v. Bank One*, 946 S.W.2d 196 (Ky. App. 1996); *State Auto Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626 (Ky. App. 1990). Vanderbilt also cites cases where the court clerk failed to note the creditor's lien, but these cases do not aid our analysis because the issue was whether the clerk's alleged negligence or the deputy's forgery affected perfection, respectively. *See Gen. Motors Acceptance Corp. v. Hodge*, 485 S.W.2d 895 (Ky. 1972); *Ky. Fin. Co. v. Spradlin*, 717 S.W.2d 843 (Ky. App. 1986). Vanderbilt's reliance upon *Lincoln Bank & Trust Co. v. Queenan*, 344 S.W.2d 383 (Ky. 1961), is mistaken because the Kentucky Supreme Court construed a prior version of the statute in question here and considered the potential interplay of the recording requirements of the Uniform Commercial Code and certain recording requirements in the Kentucky Revised Statutes. For these reasons none of these cases aid our analysis.

Vanderbilt alternatively asserts that by filing its title lien statement with the Bell County Clerk it actually had followed proper procedure.  Vanderbilt relies on the following provisions of Section 186A.120 of the Kentucky Revised Statutes, which covers applications for initial title and registration for new property:

> (1) Application for a first certificate of registration or title and plate, shall be made by the owner to the county clerk of the county in which he resides, except that, if a vehicle is purchased from a dealer other than in the county in which the purchaser for use resides, the purchaser, or the dealer on behalf of the purchaser, may make application for registration to the county clerk in either the county in which the purchaser resides, or in the county in which the dealer's principal place of business is located.

> (2) (a) When purchaser of a vehicle upon which a lien is to be recorded is a resident of a county other than that of the dealer, the application for registration or title may be made to the county clerk in either county. The lien must be recorded in the county of the purchaser's residence.

> (b) If vehicle application for registration or title is presented to the county clerk of dealer's location rather than purchaser's residence, the clerk shall process documents in a manner similar to that of any application, with the exception that the AVIS system shall be programmed in a manner that the title shall not be issued from Frankfort until the lien information has been entered by the county clerk of the purchaser's residence.

Vanderbilt argues, without support, that Section 186A.120's allowance for application for initial "title or registration" outside a debtor's county of residence creates leave to apply for a title lien notation in the seller's county of residence.  Vanderbilt's strained reading of Chapter 186A of the Kentucky Revised Statutes is unpersuasive.  Only one provision in that chapter expressly addresses applications for certificates of title or registration, and this provision only allows applications to be made in a county other than that of the property owner's residence.   K.R.S. §186A.120(2)(a).  Unsurprisingly, this provision is silent as to whether title lien statements may be filed outside of the debtor's county of residence. *See In re Pierce*, 471 B.R. 876, 883 (B.A.P. 6th Cir. 2012).  We find  no reason to infer that the Kentucky General Assembly intended for title lien statements to be filed outside of the county of the debtor's residence; in fact, we believe the opposite intention is made quite clear. *See* K.R.S.

§186A.120(2)(a) ("The lien must be recorded in the county of the purchaser's residence.").

## III.

Alas, the third time was not the charm and the fourth time will undoubtedly suffer the same abysmal fate for the reasons previously discussed. *See Vanderbilt Mortg. & Fin., Inc. v. Higgason (In re Pierce)*, 471 B.R. 876 (B.A.P. 6th Cir. 2012); *Palmer v. Vanderbilt Mortg. & Fin., Inc. (In re Walling)*, No. 10-51619, 2010 WL 5421148 (Bankr. E.D. Ky. 2010); *Schlarman v. Fifth Third Bank (In re Sands)*, No. 07-21155, 2008 WL 4290949 (Bankr. E.D. Ky. Sept. 16, 2008). The district court's judgment is **AFFIRMED**.